MINNIE O'CARROLL AND MARTIN O'CARROLL v. EMERICH STARK AND MOLLY STARK.

Argued November 7, 1913—Decided February 24, 1914.

1. Where the demand in an action in District Court by husband and wife joins a claim for injuries to the wife with a claim for injuries to the husband, a joint judgment in favor of both is erroneous, and the error is not cured by a certificate of the trial judge that he found damages equal to the amount of the judgment in favor of the wife alone, and no damages for the husband.

2. A husband while collecting rent of his wife's tenant, and in her absence, committed an assault and battery—*Held*, that the liability of the wife for the tort rests on the principles of agency; that circumstances which as between strangers might justify an inference of agency, would not always suffice as between husband and wife, and that it ought to be established that the wife in appointing the husband her agent acted of her own free will and without coercion from him. *Shane* v. *Lyons*, 172 *Mass.* 199, followed.

On appeal from Passaic District Court.

Before Justices SWAYZE and BERGEN.

For the plaintiffs-respondents, *Louis A. Cowley*.

For the defendants-appellants, *Henry H. Weinberger*.

The opinion of the court was delivered by

SWAYZE, J. This is an action by husband and wife for injuries to the wife due to an assault and battery by the male defendant. The demand claims $300 damages for the wife and $200 damages for her husband. The judgment was in favor of the plaintiffs for $200. In order to correct the obvious error in entering a joint judgment without stating how much was for the husband and how much for the wife, the plaintiffs had the judge certify that he found $200 damages for the wife and no damages for the husband. The last finding was in the teeth of the evidence that the husband had suffered damages by being put to expense and by the loss of *consortium*. The certificate of the judge does not help the judgment, since it only shows that the judgment was not in accordance with the findings of the court. The defendants were entitled to a judgment which should finally settle the claims of both plaintiffs, and bind all parties, so that no suit could thereafter be brought upon this same cause of action. The present judgment would not avail for that purpose, since it is impossible to tell from its terms whether it is based on the count in favor of the wife claiming $300 or the count in favor of the husband claiming $200. Perhaps in view of the

court's findings the judgment might have been amended to one in favor of the wife for $200 and one in favor of the defendant against the husband. But if that amendment had been made, the husband would have had the right to appeal, and his appeal ought to have been successful in view of the evidence, at least against the male defendant. The case is within the reason of *Spencer* v. *Haines,* 44 *Vroom* 325. There must be a reversal·and a new trial.

Another question was discussed at the argument which we deem it well to consider. The defendants, as well as the plaintiffs, are husband and wife. The assault and battery was by the husband, who was at the time collecting rents for his wife, whose tenants the plaintiffs were. The wife was not present, and is not alleged to have directed or assented to or approved the assault. At common law, the husband alone would have been liable. If the wife is liable at all, it is only on the ground that the husband was her agent and that his act in assaulting the female plaintiff was within the scope of his authority as agent. Since our legislation as to the rights of married women, a husband may be agent for his wife. *Elliott* v. *Bodine,* 30 *Vroom* 567; *Taylor* v. *Wands,* 10 *Dick. Ch. Rep.* 491. We agree with the Supreme Court of Massachusetts that the necessary result is that the wife may be liable for an assault and battery committed by the husband. *Shane* v. *Lyons,* 172 *Mass.* 199. But as the liability rests on the principles of agency, the agency must be proved, and in view of the peculiar relations of husband and wife, circumstances which as between strangers might justify an inference of agency, would not always suffice as between husband and wife. And as the court said, in Shane *v.* Lyons, it ought to be established that the wife in appointing the husband her agent, acts of her own free will and without coercion from him.