HENRY MUSTO, JR., BY NEXT FRIEND, ET AL., RESPONDENTS, v. EDWARD T. MITCHELL, APPELLANT.

Submitted February 15, 1929—Decided May 20, 1929.

For the respondents, *John R. Phillips, Jr.*

For the appellant, *Durand, Ivins & Carlon.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover compensation for personal injuries to the plaintiff Henry Musto, Jr., an infant, and also to recover incidental damages to his father for loss of services and moneys expended in the curing of his son for the injuries sustained. The suit was brought against the defendants, City of Asbury Park and Edward T. Mitchell. The negligence charged against the defendant City of Asbury Park was that a broken milk bottle had been negligently left protruding and covered with sand on the bathing beach, which injured the knee of the plaintiff Henry Musto, Jr. The negligence charged against the defendant Edward T. Mitchell was the same, and, also, that he was liable for the negligence so charged, as the lessee of the bathing beaches of the city of Asbury Park. The trial resulted in a verdict in favor of the defendant City of Asbury Park, a verdict "in favor of the plaintiffs Henry Musto, Jr., by Henry Musto, Sr., his next friend, and Henry Musto, Sr., and against the defendant Edward T. Mitchell, and assess the damages of five hundred dollars ($500) ;" on which a judgment in like form was entered. The defendant Edward T. Mitchell appealed and filed eight grounds of appeal. We find no legal merit in any of them, except the eighth, viz., the verdict is contrary to law. We find no trial errors, such as failure to nonsuit the plaintiffs, or direct a verdict in favor of the defendant, or error in the charge or refusal to charge written requests. But the verdict and the judgment entered thereon are illegal and cannot stand. This illegality is apparent upon the face of the record. This class of error is called in the books common errors, *i. e.,* those which relate only to the record itself, as distinguished from those specially assigned on the outbranches of the record. Errors outside of the strict record should and must be specially assigned as errors. 1 *Archb. Pr.* 501; *Tidd's Appendix* 362; *Driscoll* v. *Carlin,*

50 *N. J. L.* 28. There should have been verdicts on each separate claim or count of the complaint and the judgment should have indicated the amount to be raised upon each. One issue presented has not been disposed of. The claims in the complaint were presented in separate counts with separate claims for damages to each plaintiff. Separate issues were presented, to which the jury should respond and the judgment entered should preserve the separate rights of the father and son in the total amount recovered. The defendant then, in such a record, would be enabled to question the propriety of the verdict upon the evidence respecting each claim. This he cannot do under this record. *Consolidated Traction Co.* v. *Whelan,* 60 *N. J. L.* 154; 3 *Corp. Jur.* 1342, § 1482 (*b*).

A cancellation of the judgment and release by the father would not be a bar from a further prosecution of the claim by the infant plaintiff. For the error pointed out, which appears upon the face of the record, the judgment must be reversed; it is therefore reversed and a *venire de novo* issued.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Black, Campbell, Lloyd, Case, Bodine, White, Van Buskirk, McGlennon, Kays Hetfield, Dear, JJ. 16.