MICHAEL SHEEHAN, PLAINTIFF-RESPONDENT, v. GEORGE MENKES AND H. J. HEINZ & COMPANY, DEFENDANT-APPELLANT.

Submitted May 16, 1930—Decided November 19, 1930.

Before Justices CASE, DALY and DONGES.

For the appellant, *Elgin L. McBurney.*

For the respondent, *William F. Grant* and *William L. Rae.*

PER CURIAM.

This appeal brings up a judgment of the First District Court of Jersey City in favor of plaintiff-respondent and against defendant-appellant in the sum of $214.20. The action was brought against one George Menkes and appellant H. J. Heinz & Company, to recover for injuries to respondent's tooth and dental bridgework by biting on an iron bolt which was in a mince pie baked by Menkes and purchased from him by respondent, the mincemeat being sold by appellant H. J. Heinz & Company to Menkes.

The testimony was that Menkes purchased the mincemeat in bulk from Heinz; that he carefully prepared it for use and did use it in a pie especially made for respondent and sold to him; that the respondent was served a piece of this pie and on biting into it, his teeth struck the bolt, breaking a natural tooth and likewise breaking an artificial dental bridge.

Under the authorities in this state, this presentation raised a question of fact to be determined by the trial judge sitting as a jury. Under the proofs, the trial judge was justified in finding that the bolt was in the mass that was sold by Heinz to Menkes. Its presence was sufficient to raise an inference that it was there through the negligence of the appellant. *Bahr* v. *Lombard, Ayres & Co.*, 53 *N. J. L.* 233; *DeGroat* v. *Ward Baking Co.*, 102 *Id.* 188.

It has been held in this state that one preparing and selling food for public consumption is under a duty to those for whose use it is intended to exercise reasonable care to see that it is free from injurious substances. *DeGroat* v. *Ward Baking Co., supra,* and cases cited.

The respondent satisfied the burden which the law cast upon him by proving such facts and circumstances from which it was made to reasonably appear that the bolt was in the mincemeat when appellant sold it to Menkes and that it was delivered to respondent in the same condition that it was when appellant parted with it. *Wilkins* v. *Standard Oil Co.*, 78 *N. J. L.* 524.

The case clearly presented a question of fact, which the trial court was justified in finding against the appellant. We cannot say that the court below should have found in favor of defendant-appellant as a matter of law. The District Court act provides for a review only from a determination "in point of law." This court will not review the findings of the District Court upon questions of fact beyond inquiring whether there was any legal evidence upon which the finding might be based. *Williams* v. *Contracting Co.*, 74 *N. J. L.* 105; *Pratt* v. *Union National Bank*, 81 *Id.* 588; *Tapscott* v. *McVey*, 83 *Id.* 747.

The judgment is affirmed, with costs.