OTTO BISHOP, PLAINTIFF-APPELLEE, v. HARRY CADMAN, DEFENDANT-APPELLANT.

OTTO BISHOP AND FRANK SISKO, PLAINTIFFS-APPEL-LEES, v. HARRY CADMAN, DEFENDANT-APPELLANT.

Submitted January term, 1932—Decided March 28, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Samuel H. Nelson.*

For the appellees, *Harry Unger.*

PER CURIAM.

The judgments appealed from resulted from a trial of two actions growing out of the same occurrence in which the damages resulted from the collision of an automobile claimed to be owned by both plaintiffs and at the time being driven by the plaintiff Bishop, with a taxicab owned by the defendant-appellant and being operated by his servant.

The judgment in the case in which Bishop is the sole plaintiff is for damages for his personal injuries and in the other case is for damages to the automobile.

The attack upon both judgments is in the first instance that the trial court erred in refusing to nonsuit.

The first error, and one which applies to both judgments, is said to be that Bishop, the driver of the automobile, was contributorily negligent as a matter of law. But from the proofs we do not so conclude but on the contrary the state of the proofs was such as to make this a jury question and, therefore, it was not error to refuse to nonsuit on this ground.

The second error, and which, if it exists, applies only to the judgment in favor of both plaintiffs for damage to the car driven by Bishop, is that while the state of demand alleged that the plaintiffs were the owners of the car, it was,

at the trial, admitted that the plaintiffs were not the actual owners but were holding and had possession of the car under a conditional bill of sale. It is conceded by counsel for appellant that there was a right of action in the plaintiffs as bailees and the whole contention appears to be that they pleaded their right to recover as unconditional owners, while the proofs upon which they have their recovery is that they were bailees. Counsel for appellant does not point out or even suggest how, if at all, he met with harmful or prejudicial error thereby.

The law does not require strict formality in pleadings in the District Court. *Kennell* v. *Gershonovitz*, 84 *N. J. L.* 577.

Although there was no amendment applied for or made at the trial, yet, where the real question in controversy has been fully and fairly tried, though not precisely pleaded, and the complaining party has not been surprised or injured the reviewing court on appeal has the power to amend the pleadings in order to support the judgment and will, in such case, in the interest of justice, exercise the power. *Levenson Wrecking Co.* v. *Gatti-McQuade Co.*, 93 *N. J. L.* 184.

The next ground is that the court erred in refusing to strike out all the evidence concerning property damage. This motion was made upon the ground that the plaintiffs were not the absolute owners as alleged in the state of demand but, as shown by the proofs, conditional owners or bailees. There was no error for the reasons stated under the last above mentioned ground.

Finally it is urged that the trial court erred in charging the jury that the plaintiffs alleged that they were seeking to recover not as owners but as bailees.

The conclusion reached respecting the last two grounds of appeal is applicable here.

The judgments appealed from are affirmed, with costs.