HENRIETTA M. CORIN, PLAINTIFF-APPELLEE, v. S. S. KRESGE COMPANY, A MICHIGAN CORPORATION, DEFENDANT-APPELLANT.

Submitted January 26, 1932—Decided April 8, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-respondent, *Harry S. LaPoff* (*I. Victor Klenert,* of counsel).

For the defendant-appellant, *Edwards, Smith & Dawson.*

PER CURIAM.

The plaintiff sued to recover damages for personal injuries suffered by reason of the defendant's negligence in serving to her cole-slaw in which there was a piece of broken glass. The defendant maintained a restaurant in connection with its store. The plaintiff entered this restaurant, took a seat at the counter and ordered a platter of fish and cole-slaw. She testified: "While I was eating the cole-slaw, I felt something funny in my throat and grit in my teeth. I immediately took the stuff out; that is, I had been eating some of it before I noticed. I found a piece of glass in the stuff that was in my mouth, and also had just a little bit of blood. After I spit out all this food. Q. In eating, before you noticed what happened, some of the food got in your stomach? A. Yes, because it scratched my throat, and my mouth was very gritty between the teeth. That, of course, caused me to start spitting out the food. In spitting out, I found a piece of glass. * * * After you had eaten the food substance, what did you do? A. I immediately went to Dr. Polizzotti. * * * Q. Tell us about this piece of glass you took out of your mouth. What did it look like—its size, how large was it? A. I should judge it was the size of my finger nail. * * * It was like a piece of glass chipped out of something."

A duty is imposed upon a restaurant keeper in this state to use reasonable care to see that food served in his restaurant shall be free from injurious substances and fit for human consumption. *Niski* v. *Childs Co.,* 103 *N. J. L.* 464; 135 *Atl. Rep.* 805. The presence of portions of a broken electric light bulb imbedded in a loaf of bread, the bulb being of a sort similar to those used in defendant's bakery, raises an inference of negligence upon the part of those operating the bakery. *DeGroat* v. *Ward Baking Co.,* 102 *N. J. L.* 188. The presence of a portion of a suspender strap contaminating a bottle of coca cola raises an inference of negligence upon the part of those bottling the beverage. *Rudolph* v. *Coca Cola Bottling Co.,* 4 *N. J. Mis. R.* 318; 132 *Atl. Rep.* 508. The presence of an iron bolt in a mince pie raises an inference of

negligence upon the part of those preparing the mince meat. *Sheehan* v. *Menkes,* 8 *N. J. Mis. R.* 867; 152 *Atl. Rep.* 326.

In *Friend* v. *Childs Dining Hall Co.,* 231 *Mass.* 65; 120 *N. E. Rep.* 407, the court said: "The plaintiff introduced evidence tending to show that the defendant kept a restaurant in Boston, which she entered and ordered of a waitress of the defendant from its menu, 'New York baked beans and corned beef.' This food was served to her and she sat at a table to eat it. She further testified: 'I started to eat the food and there were two or three dark pieces which I thought were hard beans, that is baked more than the others, and I put two in my mouth and bit down hard on them * * * I was hurt * * * I took those things out of my mouth and found they were stones.' * * * The question is whether the plaintiff was entitled to go to the jury. * * * Our conclusion is that, whether the transaction established on the evidence between the plaintiff and defendant is to be treated as a sale of food, or as a contract for entertainment where the defendant simply 'utters his provisions' (to use the neat phrase of *Parker* v. *Flint,* 12 *Mod.* 254, employed more than two centuries ago) for the benefit of the plaintiffs there was a case to be submitted to the jury."

The doctrine of warranty in restaurant cases was, of course, definitely repudiated in *Niski* v. *Childs Co., supra.*

The Massachusetts court decided in *Ash* v. *Childs Dining Hall Co.,* 231 *Mass.* 86; 120 *N. E. Rep.* 396, that a tack in blueberry 'pie raises no inference of negligence by reason of the fact that the tack was small, similar to those used in the manufacture of blueberry boxes, and was of a color so similar to the berries that it might have become imbedded in one of them and not have been noticed, however great care may have been used in their preparation.

It is argued by the appellant that glass might become imbedded in cabbage, and hence remain unnoticed in the preparation of cole-slaw. However, the analogy with the facts in *Ash* v. *Childs Dining Hall, supra,* does not appeal to us. If cabbage is washed and cut with care it is difficult to perceive how a portion of glass could remain to injure the throat and

mouth of the person to whom it was served. The presence of glass in cole-slaw seems to more nearly resemble stones in baked beans.

It seems to us after examining all the proofs that there was enough shown to raise an inference of negligence in the preparation of the cole-slaw. The weight of evidence was for the trial court. "This court will not review the findings of the District Court upon questions of fact beyond inquiring whether there was any legal evidence upon which the finding might be based. *Williams* v. *Contracting Co.*, 74 *N. J. L.* 105; *Pratt* v. *Union National Bank*, 81 *Id.* 588; *Tapscott* v. *McVey*, 83 *Id.* 747." *Sheehan* v. *Menkes*, 8 *N. J. Mis. R.* 867.

The judgment will be affirmed, with costs.