HENRIETTA M. CORIN, RESPONDENT, v. S. S. KRESGE COMPANY, A CORPORATION, APPELLANT.

Submitted February 17, 1933—Decided April 27, 1933.

For the appellant, *Raymond Dawson* (*Edwin F. Smith,* on the brief).

For the respondent, *Isadore Klenert.*

PER CURIAM.

The trial was before a District Court without a jury. That court refused a nonsuit when plaintiff rested, and at the conclusion of the evidence defendant moved for judgment on the ground that there was no evidence of negligence. That motion was denied, and these two rulings are the foundation of the appeal.

We concur in the conclusion of the Supreme Court that the evidence justified an inference of negligence in preparing the cole slaw eaten by plaintiff in defendant's restaurant, and in which, according to the testimony, there was a small quantity of broken glass. One piece plaintiff gave to the waitress in attendance. It was not produced at the trial. Plaintiff further testified that she "felt a lot in her teeth."

The cole slaw was prepared by the defendant's employes. According to the testimony, fresh cabbage is stripped, washed and sliced by a machine, mixed with green peppers and seasoning, mayonnaise added, and the whole put into a white porcelain crock over night, then set in a white porcelain salad dish on the counter. The mayonnaise, at that time according to the testimony, was purchased in wooden tubs.

It is not suggested that the tub of mayonnaise may have contained broken glass. It is suggested that some glass may have fallen into the growing cabbage, but that hypothesis seems remote. This is not a case of dispensing a more or less standard article in the condition in which it comes from the manufacturer, but of mixing several ingredients at the defendant's place and by its employes, at a restaurant where crockery and glassware naturally abound and where breakage of glass naturally occurs. If the cabbage, green peppers and mayonnaise were free of foreign substances, the presence of glass—or perhaps a chip of porcelain resembling glass—in the

mixture, would seem to speak of some negligence in the mixing and storing process.

The Massachusetts case of *Friend* v. *Childs Dining Hall*. 231 *Mass.* 65; 120 *N. E. Rep.* 407, cited by the Supreme Court, is not apposite, being based on a theory of contract which does not obtain in this state. *Nisky* v. *Childs Co.,* 103 *N. J. L.* 464. But our cases hold the restaurateur to a duty of reasonable care in the preparation of food which he serves, and the presence of an injurious foreign substance in such food is held to justify an inference of negligence. *DeGroat* v. *Ward Baking Co.,* 102 *Id.* 188. The proof in that case was perhaps more satisfactory than in this one, but there is still enough to raise a question of fact for a jury or a judge sitting without jury.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CASE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 12.

*For reversal*—None.