GILBERT WILSON, BY NEXT FRIEND, AND WILLIAM WILSON AND ABIGAIL WILSON, RESPONDENTS, v. JOSEPH DESCHNER ET AL., TRADNG AS J. DESCHNER & G. SCHRIEVER, APPELLANTS.

Submitted May 12, 1933—Decided July 20, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellants, *Collins & Corbin.*

For the respondents, no appearance.

PER CURIAM.

The case was submitted on briefs, and we have only that for the appellants.

Appellants were partners in the bakery business, and the plaintiffs' case was that the infant plaintiff sustained injury by a nail which through negligence of defendants had gotten into a roll sold by defendants to Mrs. Wilson and eaten by the son Gilbert; that the nail became embedded in one of Gilbert's tonsils and that after it was extracted an operation was required to rectify the damage done. The state of demand laid the damages at $300 for the infant plaintiff, and $200 for his parents *per quod.*

We take up first the meritorious points, the first of which (No. 2) is that no negligence was shown, and that the court erred in refusing to direct a verdict for defendant. There

was no jury, but passing the technical anomaly of the motion we are clear that a fact question was presented. The argument appears to be that there was no proof that the roll contained any nail. But the evidence that the child, sitting at the supper table, took a bite of the roll, choked, spit blood, the doctor was called at once, came promptly, and pulled the nail out of the child's throat, seems to raise a fair inference that the nail came out of the roll. We are not here concerned, in dealing with a motion predicated on total failure of proof, with questions of weight of evidence and impeachment by prior inconsistent statements. The case resembles *Corin* v. *S. S. Kresge Co.,* 10 *N. J. Mis. R.* 489; 159 *Atl. Rep.* 799; *affirmed,* 110 *N. J. L.* 378; *166 Atl. Rep.* 291.

Point No. 3 is that it was error to admit the nail in evidence, as the proof was not sufficient to show that the particular nail was in the roll. Here again reliance is placed on inconsistent prior statements, which might be well enough to consider on a motion for new trial, but on appeal merely raise a conflict of evidence. The testimony on the trial was of the mother, already discussed in part. She said further that the doctor handed the nail to her. The doctor testified to the same effect. The mother said she had handed the nail to counsel and identified it when produced at the trial. Thus it was adequately traced from the boy's mouth to the court room.

Point 4 is the technical point that the plaintiffs had been nonsuited in a prior action based on the same cause, and had not paid the costs of the nonsuit; and that it was error for the court to refuse to stay the trial when thereto moved. The general rule is of course well settled that a second action will be stayed until the costs of a prior nonsuit are paid; and in this case if the motion had been pressed in due season, no doubt the stay would have been granted. The motion was noticed for a date long prior to the trial, but was not then made, and adjourned from time to time. When the case was actually moved for trial some five months later, defendant then moved for a stay, saying the matter had been carried along by consent adjournments.

We incline to think that there was no legal error in the

denial of the motion under the circumstances. To a certain extent, the granting of a stay is discretionary; and if the defendant wishes to invoke the rule, he should do so with reasonable promptness. In 2 *Arch. Prac.* 993 (*7th Eng. Ed.*) we read that "the application to stay the proceedings on any of these grounds should be made as soon as possible, and before the plaintiff has incurred further expenses." In 15 *C. J.* 307, the text reads (section 755) : "According to the earlier decisons, an application for a stay of proceedings might be made at any time before trial, or even after verdict, but not after judgment, unless in conjunction with a motion to vacate the judgment. Such laxity of practice is not now permitted; the application comes too late when made after the second action has been called for trial, or after pleading to the merits. The application should be made at a period as early as is practicable, to prevent surprise and the unnecessary accumulation of costs." The old New York cases are somewhat at variance, but in *Cuyler* v. *Vanderwerk*, reported in *Coleman & Caines* 93, and again in 1 *Johns Cas.* 247, the court said "the defendant is never too late, pending the second suit, *before trial*, to make his application to stay the proceedings."

We think it was fairly within the discretion of the District Court to deny a stay, the application for which was delayed until the trial was actually moved, and consequently no error is made to appear.

The judgment must be reversed, however, for error in the record. It has been noted that the damages claimed for the infant were $300 and for the parents *per quod*, $200. The judgment is that "the said plaintiffs recover against said defendants the sum of $500, and $29.20 costs." This is a joint judgment in favor of all the plaintiffs for $500 and costs, and the state of demand does not support it. The court below could not apportion it between the claimants nor can we do so in this court, there must therefore be a reversal and remand.

In view of the technical nature of the reversal, we have deemed it advisable to advert, even if somewhat *obiter*, on the merits of the case.