JEANETTE M. RUDENSEY, ADMINISTRATRIX OF THE ESTATE OF MAX L. RUDENSEY, PLAINTIFF-APPELLANT, v. ALFRED HOFFMAN, DEFENDANT-RESPONDENT.

Argued October 2, 1934—Decided March 12, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-appellant, *Philip Schotland.*

For the defendant-respondent, *Julius B. Cohen.*

PER CURIAM.

The judge of the First District Court of the city of Newark, sitting without a jury, gave judgment in favor of the defendant in an action wherein plaintiff sought to recover from the defendant on a check of $194 given by the defendant to the plaintiff. Plaintiff appeals and argues two points grounded in the specification of determinations, namely, that there was no evidence to support the court's finding and that the court erred in an evidence ruling. A third point, listed as the second in the brief, appears to be without foundation in the specification of determinations.

Defendant had purchased, by contract with plaintiff's decedent, a newspaper route in the town of Montclair. By the terms of the contract Rudensey was obligated to pay all unpaid bills. There was legal evidence tending to support a factual finding that the defendant, in order to secure continued delivery of the newspaper publications, had been obliged to pay and did pay one of these bills in the amount

of $194; that plaintiff at the settlement between the parties to this suit denied the existence of the debt whereupon defendant signed and delivered to the plaintiff the check in question, post-dated, upon the condition that before the date so nominated plaintiff would demonstrate that the bill had not been owed, that plaintiff did not comply with that condition but that on the contrary the debt had in truth been owing, and that defendant consequently stopped payment of the check in accordance with the understanding had at the time of delivery. There was therein a basis for the court's finding. Beyond that we need not go. This court will not review the findings of the District Court upon questions of fact beyond inquiring whether there was any legal evidence upon which the finding might be based. *Sheehan* v. *Menkes,* 8 *N. J. Mis. R.* 867; 152 *Atl. Rep.* 326.

It is further said that certain hearsay evidence was admitted over objection, and this seems to be so; but the error, if such it was, was not harmful. The objectionable testimony was that the witness under examination, defendant's son, who handled the transaction, had been informed by the creditor company that the amount due was $194. The gentlemen in charge of the bookkeeping department of the company took the stand and testified of knowledge to the same fact.

Judgment affirmed.