MARGARET RICKNER, PLAINTIFF-APPELLEE, v. RITZ RESTAURANT COMPANY OF PASSAIC, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October term, 1935—Decided November 20, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Harvey G. Stevenson.*

For the appellee, *Marcus & Levy* (*Isadore Rosenbloom,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   Plaintiff, a patron in defendant's restaurant, ordered, and was served, a cold corned beef sandwich (with lettuce and mayonnaise dressing), for immediate consumption.   As she was chewing her first bite of that sandwich she felt a pain and extracted from her mouth at least two pieces of glass, one of which was about the size of half the tip of her little finger.   She showed the glass to defendant's manager.   As a result of the glass in the sandwich plaintiff sustained injuries to her teeth and mouth and thus this suit. The trial judge, sitting without a jury, rendered judgment in favor of the plaintiff and against the defendant in the sum of $125.

Defendant challenges the propriety of that judgment. Under the specification of determinations with which appellant is dissatisfied in point of law, three points are argued. They are based on the charge that the court erred in refusing to grant defendant's motion for a directed verdict because (1) the pleading and evidence failed to establish a cause of action against defendant; (2) that the action was based on the theory of a breach of warranty, and not that of negligence, and that the proofs failed to support that theory; and (3) that there was no evidence that defendant breached any duty which it owed to the plaintiff and that there was no evidence of negligence on its part.

We think that all of these points, under the circumstances of this case, are without substance.

*First:* The pleading, *i. e.,* state of demand, it is true, is loosely drawn. It recites the status of the respective parties; that plaintiff purchased of defendant "an edible preparation" (without describing it), for immediate consumption; that said food or edible contained foreign substances deleterious to the body and tissues unknown and hidden from the plaintiff. Then follows a statement of the resultant injuries, expenses and losses. It will be observed that the state of demand does not in so many words set forth some of the elemental requirements, of an action of negligence, such as a duty and a breach of that duty. But the parties tried this case on the state of demand as drawn.

The law does not, of course, require strict formality in a suit in the District Court. *O'Donnell* v. *Weiler,* 72 *N. J. L.* 142; 59 *Atl. Rep.* 1055; *Bishop* v. *Cadman,* 10 *N. J. Mis. R.* 454; 159 *Atl. Rep.* 536. And it is sufficient that the state of demand state a legal cause of action, apprising the defendant of the claim against him, and so stating, that it may afterwards appear what was decided. District Court actions, generally, under section 59 of the District Court act (2 *Comp. Stat* (1709-1910), *pp.* 1947, 1970), exclusive of such as landlord and tenant, replevin, attachment, and the like, are styled either in contract or tort. The state of demand here is styled in tort. The allegations therein set forth show facts and circumstances from which a duty to use care arose. That is

sufficient. In the case of *New Jersey Fidelity and Insurance Co.* v. *Lehigh Railroad Co.*, 92 *N. J. L.* 467, our Court of Errors and Appeals held, by Mr. Justice Kalisch (at *p.* 471) :

"It is wholly of no importance whether or not the pleader accurately stated the legal duties, devolving upon the defendant, arising from the facts averred in the complaint. Chief Justice Beasley, in *Breese* v. *Trenton Horse Railroad Co.*, 52 *N. J. L.* 250 (at *p.* 251), quotes with approval the legal rule appropriate thereto, as laid down by Addison in his work on Torts : 'The decisions, observes Lord Campbell, show that the allegations of duty in a declaration is in all cases immaterial, and ought never to be introduced, for, if the particular facts set forth raise the duty, the allegation is unnecessary, and, if they do not, it will be unavailing. If the particular facts stated in the declaration do not raise the duty it cannot be established by other facts not stated. The declaration, therefore, must stand or fall by the facts stated. Negligence creates no cause of action unless it expresses or establishes some breach of duty. 2 *Add. Torts*, § 1338.' "

*Second:* It is argued that plaintiff's case, on the pleadings and proofs, was based on sale of goods and a warranty that the food was free from injurious substance. If that were so, there could be no recovery here. *Nisky* v. *Childs Co.*, 103 *N. J. L.* 464; 135 *Atl. Rep.* 805.

The difficulty, however, with that contention is that there is nothing in the record to so indicate. The question for our determination is whether a right result was reached; if so, that is sufficient. And we think the result reached is right.

*Third:* Did defendant breach a duty, if any, it owed to the plaintiff and was there proof of negligence? Our answer is in the affirmative.

The liability of restaurateurs, for foreign and deleterious substances in food served to patrons, is well settled in our state. It is based not on the theory of a warranty but on the theory of negligence. Food served at a restaurant imposes on the restaurateur the duty to use reasonable care to see that the food thus furnished shall be free from injurious substances and fit for human consumption. *Nisky* v. *Childs Co.*, *supra.* And it has been held that the presence of glass

in cole slaw, served a patron of a restaurant, raises a presumption of negligence in its preparation. *Corin* v. *S. S. Kresge Co.,* 10 *N. J. Mis. R.* 489; 159 *Atl. Rep.* 799; *affirmed,* 110 *N. J. L.* 378; 166 *Atl. Rep.* 291. (*Cf. Cassini* v. *Curtis Candy Co.,* 113 *N. J. L.* 91; 172 *Atl. Rep.* 519, and cases therein collated).

Defendant denied that it served plaintiff a cold sandwich (it claimed to serve hot sandwiches only), and offered proof explaining the various stages in the preparation of the sandwich; the places in the restaurant where it was prepared, all for the purpose of establishing the fact that it fully performed the duty imposed upon it by law; and, that it was free from any negligence. The proof, however, did disclose that during the course of preparation the sandwich was handled at such places where there was glassware.

We think under all the proofs of this case, and the legitimate inferences that could be drawn therefrom, it was open to the trial judge to find, as he did, that defendant failed to use reasonable care in the premises.

Judgment is affirmed, with costs.