### John Caton, Joseph Lambuth and Edward Zawistowski, Appellees, v. Sophie Flig, Appellant.

### Gen. No. 45,275.

Opinion filed March 13, 1951. Released for publication April 6, 1951.

WACHOWSKI & WACHOWSKI, of Chicago, for appellant; ERNEST F. ARLART, and ANTON W. MAKAR, of Chicago, of counsel.

EDWIN M. KATZ, of Chicago, of counsel, for appellees.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiffs, as tenants in an apartment building known as 2038 West Coulter street in Chicago, filed a complaint in the municipal court based on section 205 of the Housing and Rent Act of 1947, extended by Act of Congress in 1948 and 1949, for judgment against the defendant landlord in treble the amount of claimed overcharges in rent demanded and accepted by the landlord from each of the plaintiffs in excess of the maximum-ceiling rental for their respective apartments. Plaintiffs having demanded trial by jury, defendant filed a petition asking for an order giving her a separate trial as to each plaintiff, which was overruled. The cause then went to trial as one proceeding before a jury, resulting in a verdict for plaintiffs jointly in the amount of $528 damages, plus $250 for attorneys' fees, or an aggregate of $778, for which a lump-sum judgment was entered in favor of plaintiffs and against defendant. This appeal followed.

From the undisputed evidence it appears that plaintiffs are three individual tenants occupying separate apartments under separate leases made at different times. It was alleged and shown that during the period in which these tenancies existed the apartments occupied by plaintiffs were registered and ceiling rentals were established under the Federal Housing and Rent Act as follows: third-floor front, $18 per month, occupied by Zawistowski, for which he had been paying a monthly rental of $35; second-floor rear, $14 per month, occupied by Lambuth, for which he had been paying a monthly rental of $25; and second-floor front, $14 per month, occupied by Caton, for which he had been paying a monthly rental of $30. Caton claimed

that for twelve months preceding the institution of suit he had been overcharged and had overpaid to defendant the sum of $192; for the same period Lambuth claimed to have been overcharged and to have overpaid to defendant the sum of $132; and Zawistowski, for the like period, claimed to have been overcharged and to have overpaid to defendant the sum of $204. The aggregate of these overcharges amounted to $528, to which the jury added $250 as attorneys' fees, making $778, for which the lump-sum judgment was entered. It is thus apparent that each plaintiff had a separate and distinct cause of action based upon a separate and distinct transaction for which he made a separate claim for damages in a different amount.

As the principal ground for reversal it is urged that the single verdict and judgment which assesses damages in a lump sum in favor of the several plaintiffs, each of whom had made a separate claim for damages in a different amount based on separate and distinct transactions, is contrary to the law and should be set aside. We think the point is well taken, and that there is ample authority for this contention. In Freeman on Judgments (1925, vol. 1, sec. 100, p. 174) the author says that "where the rights of the parties and the relief to which they are entitled are different, the judgment may not be joint but should be several. If several plaintiffs properly join, but their causes of action are separate and distinct and their damages may be different, the judgment should not be for an aggregate sum but should segregate and award to each the damages or relief to which he is properly entitled." In *Musto v. Mitchell*, 105 N. J. L. 575, 146 Atl. 212, an infant sued to recover damages for personal injuries, and his father was joined as a co-plaintiff to recover damages for loss of services and money expended. The trial resulted in a single verdict in favor of the two plaintiffs, and damages were assessed in one lump

101

sum; judgment in like form was entered. In reversing the judgment and ordering a new trial the court said that "the claims in the complaint were presented in separate counts with separate claims for damages to each plaintiff. Separate issues were presented, to which the jury should respond and the judgment entered should preserve the separate rights of the father and son in the total amount recovered. The defendant then, in such a record, would be enabled to question the propriety of the verdict upon the evidence respecting each claim. This he cannot do under this record. *Consolidated Traction Co. v. Whelan,* 60 N. J. L. 154 [37 Atl. 1106]; 3 Corp. Jur. 1342, § 1482 (b). A cancellation of the judgment and release by the father would not be a bar from a further prosecution of the claim by the infant plaintiff." See also *Foote v. Cotting,* 195 Mass. 55, 80 N. E. 600, and *O'Carroll v. Stark,* 85 N. J. L. 438, 89 Atl. 989. These authorities are predicated on the sound reasoning that a lump judgment such as was entered in this case fails to preserve the separate rights of the plaintiffs in the total amount recovered, whereby the defendant is deprived of the right to question the propriety of the verdict upon the evidence respecting each claim presented, or to obtain a cancellation or release of the judgment, and as a consequence thereof should not be allowed to stand.

This cause will have to be retried and if there is a trial by jury separate verdicts should be submitted.

For the reasons indicated the judgment is reversed and the cause remanded with instructions to proceed in consonance with the views herein expressed.

*Judgment reversed and cause remanded with instructions.*

Schwartz, P. J., and Scanlan, J., concur.