**John W. MULLEN et al., Petitioners,**

v.

**J. C. ROBERTS, Respondent.**

**No. B–412.**

Supreme Court of Texas.

Jan. 17, 1968.

Rehearing Denied Feb. 14, 1968.

Lancaster Smith, Harvey L. Davis, Dallas, for petitioners.

Andress, Woodgate & Condos, William Andress, Jr., Dallas, for respondent.

STEAKLEY, Justice.

Petitioners, John W. Mullen, et al, plaintiffs below, are two individuals and two corporations who sued Respondent, J. C. Roberts, defendant below, for damages. The suit was filed on June 23, 1964, and the defendant was duly served with citation. On July 24, 1964, the defendant filed an

answer in the form of a general denial and a Motion for Discovery and Production of Documents. On June 2, 1965, the plaintiffs demanded a jury and paid the jury fee. On December 15, 1965, the case was set for trial on the jury docket for the week of February 14, 1966. On March 17, 1966, the attorney of record who had filed the answer and discovery motion for the defendant filed a motion to withdraw as his attorney. This motion was granted by the court and the defendant was "granted leave to obtain counsel should he so desire." On March 21, 1966, the court entered judgment against the defendant, there being no objection in his behalf to the withdrawal of the case from the jury. The judgment was as follows:

"ON THIS, the 21st day of March, 1966, came on to be heard the above-entitled and numbered cause, wherein John W. Mullen, Waldo S. Powell, Transcontinental Leasing Corporation and Airlines Industrial Design Engineering Services, Inc., are Plaintiffs, and J. C. Roberts is Defendant, and came the Plaintiffs, through their attorney of record, but the Defendant, though duly and regularly advised of said hearing and the time and place thereof according to law, appeared not, but wholly made default, and the said Defendant has wholly neglected and/or refused to join issue with Plaintiffs under the direction of the Court within the time prescribed for them to do so, and in this regard have additionally made default; and the Court, after consideration of the evidence, the exhibits, and argument of counsel, is of the opinion that judgment should be rendered for Plaintiffs, John W. Mullen, Waldo S. Powell, Transcontinental Leasing Corporation and Airlines Industrial Design Engineering Services, Inc., in the sum of ——— Dollars ($10,446.25), against the Defendant, J. C. Roberts, plus interest on the said amount of $10,446.25 at the rate of six per cent (6%) per annum from March 21, 1966, until paid.

"IT IS, ACCORDINGLY, ORDERED, ADJUDGED AND DECREED that Plaintiffs, John W. Mullen, Waldo S. Powell, Transcontinental Leasing Corporation and Airlines Industrial Design Engineering Servces, Inc., have and recover of Defendant, J. C. Roberts, the sum of $10,446.25, plus interest at the rate of six per cent (6%) per annum from March 21, 1966, until paid, and for all costs of suit.

"If Defendant, J. C. Roberts, has not satisfied this Judgment within thirty (30) days of the date of this Judgment, execution shall issue for the collection of the amount of this Judgment, in addition to all other writs and processes which may be necessary to collect same."

On September 8, 1966, the defendant appealed by petition for writ of error and the Court of Civil Appeals reversed the judgment and remanded the cause for trial by jury of the issue of damages. In so doing, the Court of Civil Appeals ruled favorably for the defendant on two points; first, the demand of the plaintiffs for a jury inured to the defendant who was entitled to have a jury ascertain the damages to which the plaintiffs were entitled; and, second, the judgment was at variance with the pleadings. 417 S.W.2d 74.

On the same date the Court of Civil Appeals announced its decision in this cause, it also did so in W. E. Grace Manufacturing Company v. Green, 417 S.W.2d 71. The suit there was by an employee for personal injuries against his employer. The employee demanded a jury and paid the jury fee. The employer-defendant failed to appear or answer after due service. A default judgment in favor of the employee was entered by the court after hearing without a jury. The employer subsequently appealed by writ of error, and the Court of Civil Appeals reversed the default judgment and remanded the cause for a jury trial on the issue of damages. The Court of Civil Appeals was of the view there, as here, that the right to a jury accorded

to a party who demands a trial by jury and pays the required jury fee inures to all other parties to the suit. We granted writ of error and by opinion delivered January 3, 1968, in cause No. B–350, Green v. W. E. Grace Manufacturing Company, 422 S.W.2d 723, we held that in the default judgment situation there presented it is incumbent on a party not demanding a jury and paying the jury fee to object to the withdrawal of the case from a jury, absent which a trial to the court will be upheld. This decision rules the instant case where the judgment was nihil dicit carrying more strongly an admission of the justice of the plaintiff's cause of action. See Spivey v. Saner-Ragley Lumber Company, 284 S.W. 210 (Tex.Com.App.1926); Howe v. Central State Bank, 297 S.W. 692 (Tex.Civ.App., writ ref'd 1927); Storey v. Nichols, 22 Tex. 87; Gilder v. McIntyre, 29 Tex. 89.

We look, then, to other points before the Court of Civil Appeals before reversing the judgment of that court. See Walker v. Texas Employers' Insurance Association, 155 Tex. 617, 291 S.W.2d 298. The Court of Civil Appeals sustained defendant's point of error asserting that the joint judgment in favor of the four plaintiffs does not conform with the pleadings. As mentioned before, the plaintiffs are two individuals and two corporations who severally sued defendant for damages with each alleging separate causes of action grounded on fraud or breach of contract. They did not allege a joint cause of action. The plaintiff, Trans Continental Leasing Corporation, claimed damages in the separate sums of $8,333.33, $503.77, $800 and $650 on its alleged causes of action; the plaintiff, Airlines Industrial Design Engineering Services, Inc., claimed damages in the separate sums of $1,500, $35 and $650 on its alleged causes of action; and the plaintiffs John W. Mullen and Waldo S. Powell claimed damages in the sums of $20,000 and $3,000 on their alleged causes of action. Notwithstanding the absence of allegations in the plaintiffs' petition supportive of a joint recovery against the defendant, the judgment runs jointly in their favor and does not purport to preserve the rights of each of the plaintiffs in the total recovery or to relate any portion to the particular and separate cause of action asserted severally by the plaintiffs.

Rule 40, Texas Rules of Civil Procedure, authorizes the joinder in one action of multiple plaintiffs asserting any right to relief jointly, severally, or in the alternative under certain circumstances which we will assume are present here. But the rule further provides that in such cases judgment may be given for one or more of the plaintiffs *according to their respective rights to relief* and such was not done here. See also Rule 301. In Mayhew and Isbell L. Co. v. Valley Wells Truck Growers' Ass'n, 216 S.W. 225 (Tex.Civ.App.1919, no writ), the joinder of twenty plaintiffs asserting several demands in a suit for damages was held to be proper "especially under our liberal practice." The judgment, however, awarded the aggregate amounts found to be due the twenty plaintiffs and the court did not include findings as to the separate items making up the total amount of the judgment. This was held to be error, the court holding that "The proper judgment on the pleadings and proof would have been one awarding each member separately such damages as he proved that he sustained, and it was error to add such several damages together and award the 20 plaintiffs a joint judgment for the same." The court went further and denied the contention "that damages which in their very nature are several in character can be described as joint in the pleadings and permitted to sustain a joint judgment." See in accord First National Bank v. Crossett, 268 S.W. 997 (Tex.Civ.App.1925, no writ), the court saying of the suit of the multiple plaintiffs that they prayed for judgment severally, and not jointly, and were entitled to the one, but not the other, either under the law or under the pleadings and prayer. See also in accord Wilson v. Deschner, 11 N.J.Misc. 609, 167 A. 670: "The state of

demand does not support" the joint judgment; and Caton v. Flig, 343 Ill.App. 99, 98 N.E.2d 162. "If several plaintiffs properly join but their causes of action are separate and distinct and their damages may be different, the judgment should not be for an aggregate sum but should segregate and award to each the damages or relief to which he is properly entitled." Freeman on Judgments, Vol. 1, 5th ed., par. 100, p. 174, citing Mayhew and Isbell L. Co. v. Valley Wells Truck Growers' Ass'n, supra.

■ It is the rule that both a default judgment and a judgment nihil dicit must accord with the pleadings. Storey v. Nichols, 22 Tex. 87; Goodlett v. Stamps, 29 Tex. 121: "[A]nd, like a judgment by default, the amount and terms of the judgment [nihil dicit] must be ascertained by reference to the petition"; Atkinson v. Shelton, 160 S.W. 316 (Tex.Civ.App., writ ref'd). See also Continental Oil and Gas Production Co. v. Austin, 17 S.W.2d 1114 (Tex.Civ.App.), where it is said that the term "judgment by default" is now generally applied to a default made after an appearance, as well as before.

■ The error in the judgment in the respects we have discussed is disclosed by the papers on file, and relief therefrom may be obtained by the defendant in this appeal by writ of error. See McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706. The judgment is not subject to correction or modification by this court under the record. There were no findings of the court as to the separate items composing the total amount of the judgment, and there is no statement of facts. As to the latter, the transcript contains a certificate of the official court reporter that no testimony was reported by her in the cause.

The judgment of the Court of Civil Appeals is affirmed.