GRIFFIN, Judge.
This complex case was not well presented below and is poorly presented on appeal. We have had to dig the facts out of the record on our own. Appellants’ myriad issues on appeal have taken much work on our part, and not a little intuition, to decipher. Nevertheless, two errors in the proceedings below that are raised on appeal do appear to require a reversal, in part, and amendment of the judgment.
First, we agree with appellants that it was error to permit amendment of the complaint the day before trial to add a previously known but unnamed corporate defendant, Smart Financial Services, Inc. [“Smart”], and to proceed against this corporation through trial and entry of judgment without attempting or obtaining service of process. The fact that the sole shareholder was a party defendant is no basis to enter judgment against the corporation. The finding of “alter ego” is a proper basis to enter a judgment against the individual but not *986 against an unserved corporate defendant. On remand, the court shall amend the judgment to delete Smart.[1]
We also find it was error to enter a joint judgment in favor of all the plaintiffs in the lump sum of $2 million. These plaintiffs have no joint claim. Each of them independently, at different times, from different locations, in different amounts and in differing circumstances turned over monies to defendant Zulqernain or one of his related corporations for investment purposes. It is one thing to permit these several individual plaintiff investors to intervene and sue in a single count in a single action for damages, but it is quite another to total up all the individual plaintiffs’ damages and enter an undifferentiated judgment for all of them together. The lower court may have taken this tack out of necessity, calculating damages by a process of deduction since individual plaintiffs’ evidence was sometimes unspecific and unclear; nevertheless, each plaintiffs damages will have to be awarded individually based on the evidence. Mullen v. Roberts, 423 S.W.2d 576 (Tex.1968); Caton v. Flig, 343 Ill.App. 99, 98 N.E.2d 162 (1951). If the proof of any plaintiffs damages is legally insufficient, damages cannot be awarded.
In all other respects, we find no error in the issues argued by appellants.
AFFIRMED in part; REVERSED in part and REMANDED.
HARRIS, C.J., and DAUKSCH, J., concur.

. This is not to say, however, that claims made by appellees for monies entrusted to Smart are not recoverable from Zulqernain. The appellees' theory was that Zulqernain fraudulently induced them to entrust their money to his corporations, including Smart, for investment. The assets of Smart, if any, will have to be reached in a supplemental proceeding.