11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

 

Pauline Walker

Appellant 

Vs.                   No.
11-02-00007-CV B Appeal from Palo Pinto County

Charles Randall Geer, Sherriane Geer, Leonard W. Pipkin, 

Prescilla A. Pipkin, Sam J. Burke, and S. Scott Burke

 

Appellees

 

This is an
appeal from a summary judgment granted in favor of Charles Randall Geer,
Sherriane Geer, Leonard W. Pipkin, Prescilla A. Pipkin, Sam J. Burke, and S.
Scott Burke in a suit in which Pauline Walker sought to have a judgment lien
declared valid, to foreclose on that judgment lien, and to recover damages for
conspiracy and fraudulent conveyance. 
The trial court also denied a motion for summary judgment filed by
appellant, but that ruling has not been appealed.  Because we find that summary judgment was proper in all respects,
we affirm.

In October
1995, a Smith County trial court entered a judgment in the amount of
$296,912.39 in favor of appellant against J. Thomas Foster, among others.  On May 24, 1996, appellant requested that
the Smith County Clerk issue an abstract of that judgment.  On July 8, 1996, the abstract of judgment
was filed in Palo Pinto County.  








Foster
indicated in his financial statement, filed in response to appellant=s collection efforts, that he owned property
in Palo Pinto County identified as lot 38 in a subdivision on Possum Kingdom
Lake (the property).  On September 17,
1996, Foster sold the property by warranty deed to Leonard W. Pipkin and
Prescilla A. Pipkin.  Appellant learned
of the sale of Foster=s
property on October 26, 1996.  The
Pipkins then sold the property to Sam J. Burke and S. Scott Burke on May 21,
1998.  The Burkes started construction
of a house on the property on May 21, 1998. 
The Burkes conveyed the property to the Geers on June 10, 1999.  On May 30, 2000, appellant filed suit to
declare that she had a valid, existing judgment lien on the property and sought
to foreclose on that lien.  Appellant
also asserted conspiracy and fraudulent conveyance claims.

Appellees
filed a motion for summary judgment claiming that the judgment lien was invalid
because the abstract of judgment did not contain information as to the current
balance due on the abstract, that the lien was barred by the three-year statute
of limitations, and that appellant could not establish her claim of conspiracy
and fraudulent conveyance.  The trial
court granted summary judgment to appellees but did not state the grounds upon
which it granted the judgment. 
Therefore, the summary judgment will be affirmed if any ground preserved
is meritorious.  Carr v. Brasher, 776
S.W.2d 567 (Tex.1989).

Appellant
brings five issues on appeal.  In her
first issue, she addresses the invalidity of the abstract of judgment.  In her second issue on appeal, appellant
argues that the three-year statute of limitations does not apply to her
case.  Her third issue on appeal is
directed at the type of notice required under the three-year statute of
limitations.  Appellant=s fourth and fifth issues address the claims
for civil conspiracy and fraudulent conveyance.  We will first discuss appellant=s second and third issues. 

In
reviewing a traditional summary judgment, we must consider the summary judgment
evidence in the light most favorable to the non‑movant, indulging all
reasonable inferences in favor of the non‑movant, in order to determine
whether the movant proved that there was no genuine issue of material
fact.  Nixon v. Mr. Property Management
Company, Inc., 690 S.W.2d 546 (Tex.1985). 
Summary judgment is proper if the defendant establishes all elements of
an affirmative defense to each claim raised. 
American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d 420, 425
(Tex.1997). 








In
reviewing a no-evidence summary judgment, all evidence offered by the
non-movant is taken as true, indulging every reasonable inference and resolving
all doubts in favor of the non-movant. 
Hight v. Dublin Veterinary Clinic, 22 S.W.3d 614, 619 (Tex.App. B Eastland 2000, pet=n den=d).  A no-evidence summary
judgment is proper if there is less than a scintilla of evidence to raise a
genuine issue of material fact as to an essential element of appellant=s claims. 
Less than a scintilla of evidence exists when the evidence is A>so weak as to do no more than create a mere
surmise or suspicion= of a
fact, so that the legal effect is that there is no evidence.@ 
Hight v. Dublin Veterinary Clinic, supra at 619. 

 A suit to recover property from any person in
peaceable adverse possession under title or color of title shall be instituted
within three years of the accrual of the cause of action.  TEX. CIV. PRAC. & REM. CODE ANN. ' 16.024 (Vernon 2002).  A judgment lien will be barred when a
purchaser of land from a judgment debtor shows that they have maintained
possession under title or color of title for more than three years.  J. M. Radford Grocery Co. v. Shaw, 9 S.W.2d
419 (Tex.Civ.App. - Eastland 1928), aff=d by, Shaw v. Ball, 23 S.W.2d 291 (Tex. Comm=n App. 1930, judgm=t adopted).  Adverse possession
is defined as Aan actual and visible appropriation of real
property, commenced and continued under a claim of right that is inconsistent
with and is hostile to the claim of another person.@  TEX.
CIV. PRAC. & REM. CODE ANN. ' 16.021(1) (Vernon 2002). 
Peaceable possession is defined as Apossession of real property that is continuous and is not interrupted
by an adverse suit to recover the property.@  TEX. CIV. PRAC. & REM.
CODE ANN. ' 16.021(3) (Vernon 2002).  Adverse possession need not be in the same
person.  However, the successive owners
must be in privity of estate with each other in order for the limitations
period to tack.  TEX. CIV. PRAC. &
REM. CODE ANN. ' 16.023 (Vernon 2002).  A judgment creditor will be charged with
notice and the cause of action will accrue when the judgment creditor knew or,
with the exercise of ordinary care, should have known about the sale of the
property.  See Lewis v. Hall, 271 S.W.2d
447 (Tex.Civ.App. B Fort
Worth 1954, writ ref=d
n.r.e.).  








Here, the
summary judgment evidence conclusively shows the chain of title to the
sovereignty, and color of title is established.  The evidence also shows that the Pipkins purchased the property
by warranty deed from Foster in September 1996.   Appellant had knowledge of this sale in October 1996.   The evidence showed that all appellees
purchased the property by warranty deed and were in privity of estate.  Appellant filed suit to foreclose on May 30,
2000.  The appellees= possession of the property was actual and
visible and was by virtue of their individual deeds.  See White v. Pingenot, 90 S.W. 672 (Tex.Civ.App.1905, writ ref=d n.r.e.). 
The evidence also showed that the appellees= possession was uninterrupted by any adverse
suit.  Therefore, as a matter of law,
appellant=s suit was barred by the three-year statute
of limitations.  Appellant=s second and third issues on appeal are
overruled.  In view of our holding on
the second and third issues on appeal, we need not discuss appellant=s first issue on appeal. 

Next, in
the fourth and fifth issues on appeal, appellant attacks the granting of
appellees= no-evidence summary judgment for both the
civil conspiracy and fraudulent transfer claims.  To establish a claim of civil conspiracy, it must be shown that
two persons had the specific intent to agree to accomplish an unlawful purpose
or a lawful purpose by unlawful means. 
Triplex Communications, Inc. v. Riley, 900 S.W.2d 716, 719
(Tex.1995).   A claimant asserting fraudulent
conveyance must show that the transfer by a debtor was intended to hinder,
delay, or defraud the creditor.  TEX.
BUS. & COM. CODE ANN. ' 24.005(a) (Vernon 2002).  

Here, the
evidence which appellant offered to support her claim of conspiracy and fraudulent
conveyance was:  her personal affidavit;
a fax from Elliott & Waldron Abstract Company of Palo Pinto, Inc. to Old
Republic National Title Insurance Company; a letter from the Pipkins to Elliott
& Waldron Abstract Company; and a letter from Elliott & Waldron
Abstract Company to Old Republic National Title Insurance Company.  

None of
the evidence submitted by appellant rises to the level necessary to overcome
appellant=s no-evidence motion.  This evidence merely establishes that
Elliott & Waldron Abstract Company and the Pipkins knew about appellant=s lien.  
There is no evidence that appellees did anything to prohibit appellant
from filing suit.  There is no evidence
that appellees intended to hinder, delay, or defraud appellant.  There is no evidence of any agreement
between the appellees to prohibit appellant from collecting her judgment
lien.  There is no evidence that anyone
had the specific intent to accomplish an unlawful purpose or a lawful purpose
by unlawful means.  Triplex
Communications, Inc. v. Riley, supra. 
Appellant=s fourth and fifth issues on appeal are
overruled. 

We affirm
the trial court=s judgment.

 

JIM R. WRIGHT 

JUSTICE

January 16, 2003

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.