Devella LEWIS et vir., Appellants,

v.

Genette HALL et al., Appellees.

No. 15536.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 10, 1954.

Rehearing Denied Oct. 8, 1954.

H. C. Wade and C. H. Milliken, Fort Worth, for appellants.

Byron Matthews and Ernest May, Fort Worth, for appellees.

MASSEY, Chief Justice.

From a summary judgment in favor of the plaintiffs in a suit to set aside a transfer of real estate and to foreclose a judgment lien against the same property, the defendants appeal.

Judgment affirmed.

In January of 1935, a judgment was rendered in favor of the Independent Executor of the Estate of Mrs. Lena Hall, deceased, and against Dr. R. A. Ransom for the sum of $5,120.76, plus eight per cent interest from date of the judgment, and plus costs. A vendor's lien on certain real estate securing the note was foreclosed and the property sold for $500. The net credit on the judgment, resultant from the sale, was $462.25. This left a principal sum owing in the amount of $4,658.51. Costs accrued subsequent to the sale amounted to $1.25. This judgment was recorded in the Judgment Records of Tarrant County, Texas, on February 21, 1944, and as recorded was properly indexed.

Genette Hall was a legatee of the deceased Mrs. Hall, and as such was the owner of an interest in the judgment. The estate was closed prior to date of June 23, 1953, when Genette Hall brought a suit against Devalia Lewis and her husband, Elmore Lewis. Genette Hall sued for the use and benefit of all the legatees of Mrs. Hall, and for the use and benefit of the heirs and assigns of such legatees. It is undisputed that at the time the judgment was rendered in the suit filed June 23, 1953, all the right, title and interest in and to the judgment was in Genette Hall and J. Athans and Byron Matthews. These persons are the appellees on this appeal. Dev-

alia Lewis and her husband are appellants, and for all practical purposes Mrs. Lewis may be considered as the appellant, her husband being joined pro forma only. At all material times herein she was the wife of Dr. R. A. Ransom, now deceased, who died on January 4, 1951.

While the judgment and judgment lien were outstanding against Dr. Ransom and his property perforce the Abstract of Judgment Records of Tarrant County, Texas, he acquired the property in question in this suit. The property was situated in Tarrant County. Dr. Ransom acquired the title to the property in November of 1944. He acquired title through deed. The record is silent as to when, if ever, Dr. Ransom could be said to have entered into possession. The deed was not recorded in the Deed Records of Tarrant County during his lifetime. In December of 1947, he deeded the property to his wife by deed of gift. This deed was not recorded in the Deed Records of Tarrant County during Dr. Ransom's lifetime. The property in question was rental property and occupied by tenants. The Deed Records continued to reflect that title to the property was in Dr. Ransom's grantor until the deed of such grantor to Dr. Ransom and Dr. Ransom's deed of gift to the appellant were filed in said records subsequent to date Dr. Ransom died.

Appellees' suit, filed against the appellant and her husband, was a suit to set aside the conveyance by deed of gift from Dr. Ransom to the appellant as a fraudulent conveyance to appellees as judgment creditors of Dr. Ransom, and appellees' prayer was that the conveyance be set aside and appellees' judgment lien on the property be foreclosed.

By way of admissions of fact on the part of the appellant, through her testimony and proceedings under provisions of Texas Rule of Civil Procedure 169, coupled with the official records from the office of the County Clerk of Tarrant County, Texas, concerning the original judgment obtained, credit thereon by the former levy, and the abstract of the judg-

ment and indexing thereof, were settled all issues posed by the suit except as to whether the appellant was entitled to interpose the defense of the three year statute of limitation. Appellant claims that she is entitled to have such defense, plead by her, considered in connection with appellees' suit, and appellees insist that she is not entitled to such defense. Appellees filed their motion for summary judgment on the theory that there was no material issue of fact for a trier of fact because as a matter of law no issue may be posed from the pleading of the three year statute. The trial court agreed with appellees and granted them a summary judgment, the effect of which set aside the conveyance of the property to appellant, in so far as such conveyance related to appellees' interest therein through the judgment lien, and as so annulled entered judgment foreclosing the lien in an amount stated as $4,751.61. This included eight per cent interest to April 2, 1935. Eight per cent interest was also allowed to be added to the amount of the judgment and lien from date of the levy of execution on April 2, 1935. In this instance any differentiation of the character of the suit as one in rem or in personam is unnecessary in view of our disposition.

Appellant premises her case upon the authority of White v. Pingenot, 1905, 49 Tex.Civ.App. 641, 90 S.W. 672, error refused; J. M. Radford Grocery Co. v. Shaw, Tex.Civ.App., Eastland, 1928, 9 S.W. 2d 419, affirmed Shaw v. Ball, Tex.Com. App., 23 S.W.2d 291, and the cases following holdings to the effect that a judgment lien which is abstracted and recorded may be defeated by a purchaser of land from the judgment debtor, as to such land, if such purchaser may plead the three year statute of limitation. This holding has been adhered to despite attacks upon it. For well reasoned criticism thereof, see 8 T.L. R. 117, and 19 T.L.R. 375, 408. See also 21 T.L.R. 98. The gist of the criticism is that the allowance of the three year statute as a defense permits an adverse claimant to "* * * affirm the deed and abstract of title in one breath so as to be entitled to

the shorter period and at the same time deny it so as to be freed from all obligations which are a part of it. * * *" 8 T.L.R. 117.

Appellees counter with the assertion that appellant is not entitled to claim any benefit from the three year statute because her sworn admissions in her response to request for admissions and in her oral deposition demonstrate that she did not visibly appropriate any part of the property in question prior to date of June 23, 1950, three years immediately antecedent to the date suit was filed, and that she could not be entitled to the running of limitation prior to date of her husband's death or to the date on which the deed she held was placed on record. It was over six months after June 23, 1950, that Dr. Ransom died. Over all the period from the date the deed was executed the property was in the possession of tenants under rental arrangements. Appellant collected the rents from the tenants both before and after the date of the deed. In other words, she collected rents from the same tenants at a time when the property belonged to her husband, and at a later time when perforce the deed it belonged to her. The only change which occurred, according to appellant, was that after the deed was made to her she told one or more of the tenants that her husband had deeded the property to her. She testified that her husband did not record his deed because of the judgment lien of record against him.

The three year statute, Article 5507, Vernon's Ann.Civ.St. reads: "Suits to recover real estate, as against a person in peaceable and adverse possession thereof under title or color of title, shall be instituted within three years next after the cause of action accrued, and not afterward."

Article 5515 reads: "'Adverse possession' is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

It will readily be observed that in this instance the appellees had a lien on the property in question when it belonged to Dr.

Ransom by reason of their judgment. They did not know that they had such an interest in the property because the facts as to the title to the property was kept secret from them. Then the appellant was given the title to the property through a deed of gift from her husband. If she entered into possession by such a character of act that reasonably apprised persons in general in the surrounding community that she had made such entry, she still could not be held to have given that character of notice which would start a period of limitation running against appellees, for they were not thereby apprised that the property had ever belonged to their judgment debtor. Had she recorded the deed, a manner whereby the public in general is presumptively apprised of the fact of claim of ownership of property and also of the possession thereof in hostility to the claims of others not affirmatively accepted, she would have been holding the property antagonistically to the appellees' judgment lien, not solely because thereby was demonstrated she claimed the property, but primarily because thereby was demonstrated the fact that it was property subject to appellees' lien. A period of limitation would have been running, just as such a period might be said to have been running against her husband who had full knowledge and was on notice, through the dual disclosure.

 Of course, appellant did not record her deed, so appellees were not on notice through that method. Neither did she make the other character of appropriation, let alone any question of whether she maintained the required character of possession after appropriation. Antecedent even to this, however, it must be recognized that even had the appellant openly and visibly appropriated and maintained the possession of the property for a requisite period, and this done with full knowledge of the appellees, still the appellees would have been totally ignorant of the important fact, to wit, that it was property upon which they had a judgment lien. They could know this only by being apprised of the fact that Dr. Ransom, against whom their judgment was obtained, had at some antecedent peri-

od, but subsequent to the date of the judgment, owned the property. So, since it could not be said that appellees knew or in the exercise of ordinary care should have known that they had a cause of action against the appellant until they were apprised of that fact, they could not have been sleeping on their rights. Statutes of limitation are statutes of repose, usable against him who reposes when he should be acting. Appellees were certainly free of any such laches. The admissions of the appellant are conclusive of the fact that the appellees neither knew, nor could have known that there ever existed a cause of action relative to the property until after the death of her husband, if indeed that early. "Adverse possession," as that expression is used and defined by the statute, embodies the idea that the owner of or persons interested in the land had notice of the assertion of the ownership by the occupant. 2 Tex.Jur., p. 102, sec. 52. To constitute "hostility," the claimant's acts must have been such as to notify the owner that his title was disputed. 2 Tex.Jur., p. 119, sec. 63. It follows that the appellees would not have been on notice unless not only the appellant complied with the requisites of adverse possession under the three year statute, but additionally that the appellees were notified that the property appellant held adversely was property, title to which might thereby mature in favor of appellant and against them. In short, appellees could have never been on notice by any act of the appellant in relation to the property until they were notified as well of the fact that it was property upon which they had a lien. This would be satisfied by notice that the property had belonged to Dr. Ransom at a time subsequent to the judgment.

 The running of any period of limitation, in so far as concerns the lien of the appellees, and their cause of action perforce the lien, could not antedate the death of her husband from whom she received the deed, if indeed it could be said to date from any time prior to the date on which the instrument was recorded. By such record was it first revealed to the appellees the fact that such husband was a

source of her title. There is no dispute that it is a fact that the appellees had no actual notice. It was by the recording of the instrument that the fact was revealed that the property was such upon which appellees had a lien, and the appellant had entered into possession of the property and was holding adversely to appellees. For a further reason, the three year period of limitation for which appellant contends had not accrued, for as between appellant and Dr. Ransom there was no change in the control and apparent ownership of the property prior to his death. Therefore, three years not having passed since he died and the period of the statute not having accrued, she was not entitled to rely upon it. Reynolds v. Lansford, 1856, 16 Tex. 286, 287; Belt v. Raguet, 1864, 27 Tex. 471. That being the case, the fact that she plead it may be ignored.

If appellant cannot take advantage of the statute of limitation in question, it makes no difference what issues she might make upon the proposition she would rely upon if she were entitled to take advantage of the statute. She stands defenseless to the claim of the appellees. Appellees are entitled to recover the money so long due and owing on the judgment, and the property in question is property which can be subjected to the debt. Proceeding to this end by way of summary judgment was proper.

The appellant predicates other points of error upon the proposition that the original judgment creditor is dead, and that the suit was prosecuted by a legatee for herself and other legatees and their assigns. Appellant complains because of the fact that other appellees were not originally joined. The appellee who originally sued was subsequently joined by all the assigns owning outstanding interests. Counsel for the appellant admitted during the course of the hearing of the case that every person who could prosecute this action was before the court, and that appellant was not and would not be exposed to any further liability to any other party in the event the judgment obtained became final. Therefore, appellant not being in position of prejudice is

not in position to complain. By another point appellant complains because the judgment does not apportion any particular amounts to the individual appellees. The point of error has no merit. It is of no concern of appellant how the various appellees divide up the money, or if they should get into litigation between themselves over such division.

Judgment is affirmed.