**Oscar ORTIZ, Appellant,**

v.

**AVANTE VILLA AT CORPUS CHRISTI, INC., Appellee.**

No. 13–96–030–CV.

Court of Appeals of Texas, Corpus Christi.

June 13, 1996.

Rehearing Overruled Aug. 29, 1996.

Rene Rodriguez, Corpus Christi, for appellant.

Carlos Villarreal, Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

## OPINION

PER CURIAM.

The question presented is whether a default judgment is final. Oscar Ortiz, individually and on behalf of the estate of Feliciana Ortiz, and three siblings sued Avanté Villa for the death of their mother while she was in the defendant's care. A default judgment was granted the plaintiffs but, upon motion of the defendant, a new trial was granted. The defendant later took a summary judgment, and plaintiffs appeal. Upon our examination of the transcript we questioned the finality of the initial default judgment, which, if it were final, would preclude our jurisdiction over the later summary judgment. The parties submitted briefs on the issue. We hold the default judgment was a final appealable judgment and dismiss this attempted appeal from the summary judgment for want of jurisdiction.

The trial court signed a "FINAL JUDGMENT BY DEFAULT" in favor of appellants on January 9, 1995, and appellee received notice within 20 days. *See* Tex. R.Civ.P. 306a(4). Appellee filed its motion for new trial February 21—43 days after the default judgment was signed. Rule 329b provides that a motion for new trial must be filed within 30 days after the signing of the judgment, and the court has plenary power to grant a new trial for only 30 days after the judgment has been signed if no motion for new trial is filed. *See id.* 329b(a), (d). There can be only one final judgment in a cause. *Id.* 301. If the default judgment is final, any later action by the trial court is void, including the subsequent summary judgment.

Appellee contends the default judgment was not final for several reasons, concluding that the trial court had jurisdiction to grant its motion for new trial although filed and acted on beyond the 30 day limit. We will address each of appellee's arguments about why the default judgment is not final.

### ALLEGED INADEQUACY OF JUDGMENT'S "MOTHER HUBBARD" CLAUSE

A judgment must dispose of all parties and all issues before the trial court in order for it to be considered final and appealable. *Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 510 (Tex.1995). When a judgment is entered at the conclusion of a trial on the merits, "it will be presumed for appeal purposes that the court intended, and did, dispose of all parties legally before it and of all issues made by the pleadings" and to be final. *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 898 (Tex.1966). However, a default judgment is not presumed to be a final judgment. *Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986). Instead we must consider the language of the judgment, the record as a whole, and any relevant conduct of the parties to determine whether the trial court intended to dispose of all

parties and issues. *Continental Airlines, Inc. v. Kiefer,* 920 S.W.2d 274, 276–77, (1996).

■ The five plaintiffs in this case sued the defendant for damages for the wrongful death of their mother. Under the survival statute, they also sought money damages that the mother would have been entitled to had she lived. There was only one defendant. The default judgment awarded money damages to the plaintiffs. It disposed of all claims the plaintiffs were making on the sole defendant. There were no issues raised in the pleadings that were not disposed of in the judgment; the judgment gave full and complete relief for all plaintiffs against all defendants.

Appellee argues the Mother Hubbard clause in the default judgment under review is deficient because it recites, "All relief not specifically *requested*[1] herein is hereby denied." However, a Mother Hubbard clause becomes critical when the specific relief awarded in the judgment is less than that sought in the pleadings, and the "catch all" clause sweeps out those claims that were not specifically reached. The Mother Hubbard clause is not essential in the default judgment under consideration because all claims for relief are addressed in that judgment.

We must consider the judgment in its entirety and look beyond the putative Mother Hubbard clause. *Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311, at 313–14 (Tex.1994). The default judgment provides, "Plaintiffs are allowed such writs and process as may be necessary in the enforcement and collection of this judgment," and is entitled, "FINAL JUDGMENT BY DEFAULT." Both of these provisions indicate the judgment was intended to be a final judgment. *See Continental Airlines,* 920 S.W.2d at 276–77.

The default judgment here was granted with the intent to dispose of all parties and all issues, and the judgment disposed of all parties and claims raised by the pleadings. It does not fail to be a final judgment because the Mother Hubbard clause is deficient.

## ALLEGED AMBIGUITY RISING FROM UNASCERTAINABLE AWARD

■ Judgments must be sufficiently certain so a ministerial officer may determine the parties' rights under the judgment in order to carry it into execution. *Stewart v. USA Custom Paint & Body Shop,* 870 S.W.2d 18, 20 (Tex.1994). If the amount awarded by the judgment cannot be determined, the judgment is interlocutory. *H.E. Butt Grocery Co. v. Bay,* 808 S.W.2d 678, 680 (Tex.App.—Corpus Christi 1991, writ denied). Appellee's next two complaints attack the finality of the default judgment on grounds that it is ambiguous and awards an unascertainable amount.

### Award of Prejudgment Interest

■ Appellee contends that the "FINAL JUDGMENT BY DEFAULT" is not final because it does not state how prejudgment interest should be calculated. However, this is a wrongful death suit and the method of calculating prejudgment interest is established by statute. *See* TEX.REV.CIV. STAT.ANN. art. 5069–1.05 § 6(a) (Vernon Supp.1996). When the rate and means of calculating interest is a matter of law, it need not be stated in the judgment.

■ We have held that a judgment is interlocutory if it awards prejudgment interest but fails to specify which of two distinct but potentially applicable methods should be used to calculate the interest. *H.E. Butt Grocery,* 808 S.W.2d at 680–81. However, we specifically noted that the suit did not involve a wrongful death claim. *Id.* at 680. The distinction between a suit based on a contract and a wrongful death suit is significant because there is only one method of calculating prejudgment interest in a wrongful death case. *See id.* at 681.

### Amount of Award to Each Party

Appellee further argues that the default judgment is not final because it does not specifically allocate how the total judgment is

---

1. We emphasize the word "requested" to show how this clause differs from a typical Mother Hubbard clause. *Cf. Mafrige v. Ross,* 866 S.W.2d 590, 590 n. 1 (Tex.1993) ("A Mother Hubbard clause generally recites that all relief not expressly granted is denied.")

to be divided among the appellants. Appellee primarily supports its argument with *Mullen v. Roberts,* 423 S.W.2d 576 (Tex. 1968).

The *Mullen* case involved plaintiffs requesting specific money damages in differing amounts under separate causes of action based on dissimilar theories of recovery. *Mullen,* 423 S.W.2d at 578 (some plaintiffs sued for breach of contract but others sued for fraud). The *Mullen* court found the aggregate award at variance with the plaintiffs' petition because they pleaded separate and distinct causes of action seeking damages appropriate to their particular claims. *Id.* at 578–79.

■ In the present case, appellants are jointly suing over the death of their mother. The more analogous case is *Lewis v. Hall,* 271 S.W.2d 447 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.). The *Lewis* case involved a summary judgment awarding an aggregate sum to the legatees of Lena Hall. As in our case, the appellants in *Lewis* complained that "the judgment does not apportion any particular amounts to the individual appellees." The *Lewis* court held, "It is of no concern of appellant how the various appellees divide up the money, or if they should get into litigation among themselves over such division." *Id.* at 451. We agree. The "FINAL JUDGMENT BY DEFAULT" resolves appellee's liability on the appellants' joint claims. How much each plaintiff receives in what capacity may be resolved by interpleader or in another forum; it should not interfere with the enforceability of the judgment.

### ALLEGED IMPROPER SERVICE

Finally, appellee attacks the default judgment by claiming that appellants' service of process was inadequate. Appellee argues that the return of service does not identify the method of service or the document served, does not state how many copies of the petition were served, and does not properly name appellee.

■ The return of service recites that it was executed "by delivering to AVANTE VILLA AT CORPUS CHRISTI BY DELIVERING TO PRENTICE HALL [2] BY DELIVERING TO PAT WIGGINS OPERATIONS SPECIALIST." The return of service states the manner of service as required by Rule 107. *See* TEX.R.CIV.P. 107.

■ Appellee next claims the citation is defective because it does not state how many copies of the petition were served with the citation. We find no such requirement that the return of service state how many copies of the petition accompany the citation.

■ Next, appellee argues that the return of service does not "properly state the name of the item that was served." However, the citation identifies the document served as "the PLAINTIFFS' ORIGINAL PETITION," which is exactly how the petition is entitled. Later in the citation, the petition is abbreviated as "PLTFS' ORIGINAL PET." The return of service refers to the petition as "the Petition attached" to the citation. These descriptions of the document served meet the requirements of Rule 107. *Id.; see also Herbert v. Greater Gulf Coast Enters., Inc.,* 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, n.w.h.); *Woodall v. Lansford,* 254 S.W.2d 540, 543 (Tex.Civ.App.—Fort Worth 1953, no writ).

■ Finally, appellee contends that it is misnamed in the citation and return of service. However, the citation identifies appellee as "AVANTE VILLA AT CORPUS CHRISTI, INC." Appellee is later identified as "AVANTE VILLA @ CORPUS CHRISTI, INC." in the style of the case and as "AVANTE VILLA AT CORPUS CHRISTI" in the return of service. Appellee contends that this is improper because of the omission of the accent from "Avanté," because of the substitution of the symbol "@" for the word "at," and because of the omission of "Inc." We hold that these defects do not invalidate service.

■ A default judgment cannot withstand attack unless the record affirmatively

---

2. Appellee has not complained before this court or before the trial court that Prentice Hall was not its registered agent as the citation and petition both suggest.

shows strict compliance with rules for service of process. *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). However, strict compliance does not require "obeisance to the minutest detail." *Herbert,* 915 S.W.2d at 871. Errors such as mistaken capitalization in the defendant's name and spelling errors too minor to raise any doubt that the correct person was served are insufficient to invalidate service. *See McDonough v. Williamson,* 742 S.W.2d 737, 740 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Payne & Keller Co. v. Word,* 732 S.W.2d 38, 41 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). The omission of the accent mark and the substitution of the symbol "@" for the word "at" are akin to the errors that do not invalidate service. Moreover, omission of a corporate designation from the return of service does not invalidate service when the citation and attached petition both fully name the defendant with the proper designation. *See Stephenson v. Corporate Servs., Inc.,* 650 S.W.2d 181, 183 (Tex.App.—Tyler 1983, writ ref'd n.r.e.). We hold that service is facially valid.

## CONCLUSION

We hold that the "FINAL JUDGMENT BY DEFAULT" was the final judgment in this case. Without a timely motion for new trial the trial court had only 30 days from the date the judgment was signed to grant a new trial, and the motion for new trial must be filed within 30 days of the signing of the judgment. TEX.R.CIV.P. 306a(4), 329b(d). Once the 30 days had run, appellee's remedies against the default judgment were restricted to a writ of error filed in this court or a bill of review filed in the trial court. *McEwen v. Harrison,* 162 Tex. 125, 345 S.W.2d 706, 710–11 (1961). Because we cannot construe the motion for new trial as a bill of review, we hold that the trial court had no authority to set aside the default judgment or to grant the subsequent summary judgment.

Because there can be only one final judgment in a cause, and the default judgment was final, we dismiss this appeal from the purported summary judgment for want of jurisdiction.