

**NUMBER 13-17-00406-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN ALCALA,                                                            Appellant,

v.

EDINBURG CONSOLIDATED
INDEPENDENT SCHOOL DISTRICT,                              Appellee.

On appeal from the 92nd District Court of
Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria

Appellant John Alcala[1] filed this restricted appeal of a default judgment rendered against him.  By one issue, appellant contends that the trial court did not have jurisdiction because he was not properly served with process.  We affirm.

## I.    BACKGROUND

On August 22, 2016, appellee Edinburg Consolidated Independent School District (ECISD) filed suit against Alcala and Tim Hayes, together doing business as Kiwix Technology Services (Kiwix).  Appellant and Hayes are not residents of Texas and do not maintain a regular place of business or registered agent in Texas.  ECISD requested the issuance of a citation, and the Texas Secretary of State issued a citation for forwarding to "John Alcala and Tim Haynes d/b/a Kiwix Technology Service [sic]."  The citation was forwarded to the address appellant provided to ECISD as his principal place of business.  Process was returned on September 20, 2016, with the notation "Return to Sender, Refused, Unable to Forward."  The Secretary of State issued certification of service of process on September 21, 2016.  On January 19, 2017, ECISD moved for default judgment.  A hearing was held, and the court rendered judgment for ECISD on March 1, 2017.  On July 14, 2017, appellant filed his notice of restricted appeal.  *See* TEX. R. APP. P. 30.1.  This restricted appeal followed.

## II.    REQUIREMENTS OF A RESTRICTED APPEAL

An appellant must satisfy four requirements to succeed on a restricted appeal:  (1) the notice of restricted appeal was filed within six months of the date of the judgment; (2) it was a party to the suit; (3) it did not participate in the hearing that resulted in the

---

[1]    Appellant is referred to as "Juan Alcala" in court documents, but is referred to as "John Alcala" in correspondences with ECISD and on the citation.  To avoid confusion, we will refer to appellant as "Alcala" or "appellant".

judgment complained of and did not timely file any post-trial motions or requests for findings of facts and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1, 30; *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.). These first three requirements are jurisdictional and will cut off a party's right to seek relief by way of restricted appeal if they are not met. *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

As to the first requirement, appellant filed his notice of appeal within six months of the judgment. The trial court rendered judgment on March 1, 2017, and appellant timely filed his notice of appeal on July 14, 2017. *See* TEX. R. APP. P. 26.1; *Cox*, 298 S.W.3d at 730.

As to the second requirement, appellant is a proper party to this suit. Appellant was listed as a defendant in the suit by ECISD, and his name appeared on the citation. *See id.*

As to the third requirement, appellant did not participate in the hearing that resulted in the judgment complained of. Appellant did not file an answer to the complaint and was not present at the hearing on ECISD's motion for default judgment. A review of the record confirms that appellant did not file any post-trial motions or requests for findings of fact or conclusions of law. *See id.*

With the first three requirements satisfied, we turn to the final requirement, whether error appears on the face of the record. *See id.*

## A. Error on the Face of the Record

Appellant argues that error is apparent on the face of the record because the record indicates that he was not properly served with process.

## 1. Standard of Review and Applicable Law

The face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Comm'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). A default judgment will be set aside if an appellant demonstrates that failure to answer was not intentional, but due to mistake or accident. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). There is no presumption of valid service when a default judgment is challenged by restricted appeal. *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848, 848 (Tex. 2007). If proper service is not affirmatively shown, there is error on the face of the record. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994). The Texas Civil Practice and Remedies Code on serving process on non-residents provides that:

> If the secretary of state is served with process under Section 17.044(a)(3), he shall immediately mail a copy of the process to the nonresident (if an individual), to the person in charge of the nonresident's business, or to a corporate officer (if the nonresident is a corporation).

Tex. Civ. Prac. & Rem. Code Ann. § 17.045(b) (West, Westlaw through 2017 1st C.S.).

Absent fraud or mistake, the Secretary of State's certificate is sufficient to prove proper service. *Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986). Strict compliance with the rules regarding service are required to confer jurisdiction, but strict compliance does not require "absolute obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ). Spelling errors in a party's name in a citation are insufficient to invalidate service if they are too minor to raise any doubt that the correct person was served. *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied); *see also Westcliffe, Inc. v. Bear Creek Const., Ltd.*, 105 S.W.3d 286,

4

290 (Tex. App.—Dallas 2003, no pet.). Unless the citation misleads the defendant, default judgment will not be rendered void. *Deszo v. Harwood*, 926 S.W.2d 371, 374 (Tex. App.—Austin 1996, writ denied).

### 2. Analysis

Appellant first argues that service was improper because his co-defendant's name was misspelled as "Tim Haynes" on the citation, as opposed to "Tim Hayes." However, appellant's name is spelled correctly on the citation. Appellant would not have been misled as to the fact that he was an intended defendant by the misspelling of his co-defendant's name. *See Deszo*, 926 S.W.2d at 374. Strict compliance does not require that appellant's co-defendant's name be spelled correctly, so long as appellant was not misled by the citation. *See Ortiz,* 926 S.W.2d at 613; *see also Herbert*, 915 S.W.2d at 871.

Appellant then argues that service was improper because his business's name was misspelled as "Kiwix Technology Service," as opposed to "Kiwix Technology Services." However, minor errors such as omission of the business form or of insignificant words such as "at" will not negate service. *See Ortiz*, 926 S.W.2d at 613; *see also N. Carolina Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 718 (Tex. App.—Austin 2003, pet. denied) (holding that "not all discrepancies will negate service, however; omission of the business form (like "Inc."), insignificant words (like "at"), or an accent mark over a letter from a company name on the service return will not invalidate service"). Appellant would not have been misled by the omission of the "s" from the end of his business name. *See Deszo*, 926 S.W.2d at 374. As long as appellant could recognize himself as the intended defendant, the citation was sufficient. *See id.*

5

Appellant further argues that the record does not indicate whom the process was delivered to, if anyone. However, the address appearing on the citation was certified by ECISD as appellant's last known address. This address matches the address provided by appellant in correspondences with ECISD, and appellant does not argue that the address is incorrect. Because the Secretary of State's certificate indicates that the process had been forwarded to the correct address with appellant's correct name, the record indicates that service of process was sufficient. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.044, 17.045 (West, Westlaw through 2017 1st C.S.); *see Capitol Brick*, 722 S.W.2d at 401.

ECISD argues that service was sufficient because appellant's correct name and address appear on both the citation and the Secretary of State's certificate. These documents are *prima facie* evidence of proper service. *Capitol Brick*, 722 S.W.2d at 401; *see Primate Const.*, 884 S.W.2d 152–153. Because the address process was forwarded to matched the address certified by ECISD as appellant's last known address, the fact that the process was returned does not invalidate service of process. *See Zuyus v. No'Mis Comm'ns, Inc.*, 930 S.W.2d 743, 746–47 (Tex. App.—Corpus Christi 1996, no pet.). Because of this, ECISD has affirmatively shown proper service. *See id.* at 153. Moreover, appellant has not shown that his failure to answer was due to mistake or accident. *See Craddock*, 133 S.W.2d at 126. Therefore, he has not shown that there is error on the face of the record and does not satisfy the requirements for a restricted appeal. *See Clopton*, 66 S.W.3d at 515.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA LONGORIA
Justice

Delivered and filed the
28th day of June, 2018.