

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00760-CV

John Loan **PRICE**,
Appellant

v.

**MG BUILDING MATERIALS, LTD.**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 20417CV05199
Honorable Karen Crouch, Judge Presiding

Opinion by:   Liza A. Rodriguez, Justice

Sitting:   Rebeca C. Martinez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2019

AFFIRMED

Appellant John Loan Price ("Price") files this restricted appeal from a default judgment entered against him in a breach of contract dispute. Because Price has not demonstrated error is apparent on the face of the record, we affirm the default judgment.

## Background

Appellee MG Building Materials, Ltd. ("MG") sued Price in the trial court for breach of a contract to purchase building materials and related services. After multiple failed attempts to serve

Price at 216 Mountain Echo, San Antonio, Texas 78260, MG filed a motion for substitute service.

The trial court granted the motion, and ordered:

> [S]ervice of citation may be made on [Price], by the officer leaving a copy of citation, with Plaintiff's Original Petition with anyone over the age of 18 found at 216 Mountain Echo, San Antonio, Texas 78260 or by attaching such process to the door, gate or entry way at the address of 216 Mountain Echo, San Antonio, Texas 78260.

The clerk's record contains a return of service and attached affidavit, both dated March 26, 2018.

In the affidavit, the process server states under oath:

> Documents: CITATION; PLAINTIFF'S ORIGINAL PETITION
>
> . . . I, [process server], being duly sworn, depose and say: . . . Delivery of said documents occurred in the following manner:
>
> By delivering to: John Loan Price – by posting . . .
>
> Address of Service: 216 Mountain Echo, San Antonio, Texas 78260
>
> Date of Service: March 23, 2018
>
> Time of Service: 3:29 P.M.
>
> Type of Service:
>
> POSTING WITH COURT ORDER: By posting a true copy of said process along with a true copy of the Court Order to the front entrance of the above listed address.

On April 19, 2018, the trial court entered a default judgment in MG's favor, stating: "Defendant [Price] although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default." On October 18, 2018, Price filed a notice of restricted appeal in the trial court.

## Standard of Review

To prevail in this restricted appeal, Price has the burden to prove: (1) he filed notice of the restricted appeal within six months after the trial court signed the order; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment and did

not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *see also* TEX. R. APP. P. 26.1(c), 30. The only element at issue in this case is the fourth—whether error is apparent on the face of the record.

**Discussion**

Price argues error is apparent on the face of the record because the process server's affidavit describes the documents served as "said process along with a true copy of the Court Order." Price argues this language is inadequate to properly identify the documents served.

In a restricted appeal, "[t]here are no presumptions in favor of valid issuance, service, and return of citation." *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). Where the record fails to show strict compliance with the rules governing service of citation, a default judgment may be set aside. *Id*. "Strict compliance," however, does not require "absolute obeisance to the minutest detail." *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ); *accord Williams v. Williams*, 150 S.W.3d 436, 443–44 (Tex. App.—Austin 2004, pet. denied); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied). Accordingly, while Texas Rule of Civil Procedure 107 requires a proper return of service to include, among other things, "a description of what was served," TEX. R. CIV. P. 107(b)(3), minor complaints about the language used in the return of service are insufficient to render it invalid.

For example, a return of service properly described what was served where it referred to "the Petition attached" to the citation, and the citation identified the served document as "the PLAINTIFFS' ORIGINAL PETITION," later abbreviated as "PLTFS' ORIGINAL PET." *Ortiz*, 926 S.W.2d at 612. Another return of service that incorrectly referred to the original petition as "the Complaint" properly described what was served because "complaint" is "clearly synonymous

with petition." *Herbert*, 915 S.W.2d at 871. Similarly, our sister court recently held a return of service that referred to "the petition," rather than the "Original Notice of Seizure and Intended Forfeiture and First Request for Discovery," properly described what was served because the discrepancy was "nothing more than a pellucid substitution of names." *Rushing v. State*, No. 07-17-00059-CV, 2019 WL 304354, at *3 (Tex. App.—Amarillo Jan. 23, 2019, pet. filed) (mem. op.).

Here, the process server's affidavit, attached to the return of service, identifies the served documents as "CITATION; PLAINTIFF'S ORIGINAL PETITION" and states: "Delivery of said documents occurred in the following manner: . . . By posting a true copy of said process along with a true copy of the Court Order to the front entrance" of the Mountain Echo address. There is nothing "misleading, inaccurate, or incongruous" about the affidavit's reference to "said process" in lieu of repeating "CITATION; PLAINTIFF'S ORIGINAL PETITION." *See id.* In fact, the trial court's order for substitute service also references "such process" as shorthand for "a copy of citation, with Plaintiff's Original Petition." Further, reference in the affidavit to "a true copy of the Court Order" does not render the return of service invalid. Neither the rules of civil procedure nor the trial court's order required service of a copy of the order, and we may disregard any redundant or surplus matter in a return of service. *See Brown-McKee, Inc. v. J.F. Bryan & Assocs.*, 522 S.W.2d 958, 959 (Tex. App.—Texarkana 1975, no writ); *see also* TEX. R. CIV. P. 106(b) (governing substitute service).

Therefore, because the return of service contains a proper description of the documents served, Price has not demonstrated error apparent on the face of the record.

## Conclusion

Having overruled Price's sole issue in this restricted appeal, we affirm the trial court's default judgment.

Liza A. Rodriguez, Justice