**Reversed and Remanded in Part and Affirmed in Part; Opinion Filed August 11, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00859-CV**

**FULL OF FAITH CHRISTIAN CENTER, INC., FULL OF FAITH CHRISTIAN CENTER MINISTRIES, FULL OF FAITH CHRISTIAN CENTER MINISTRIES, INC., CALVIN RAY CALHOUN, AND PEGGY CALHOUN, Appellants**
**V.**
**KENNETH MAY & DESIRE OPHELIA FUENTES-MAY, Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-08058**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

This is an appeal from a no-answer default judgment. Appellants filed a motion for new trial that was overruled by operation of law. They argue on appeal that the citation was defective; appellees' motion for substituted service was defective; appellees' supplemental petition was not served, rendering default judgment void; the trial court could not consider evidence received before it obtained personal jurisdiction over appellants; and that the court erred by awarding punitive

damages against appellants jointly and severally and by denying their motion for new trial. We conclude that citation and service were not defective and that appellants failed to show grounds to set aside the default judgment. However, we agree it was error to award punitive damages jointly and severally. As a result of the default judgment, liability is not contested. Therefore, we reverse the award of exemplary damages against appellants jointly and severally and remand for a new trial on exemplary damages only. In all other respects, we affirm the trial court's judgment.

## Background

Kenneth May and Desire Ophelia Fuentes-May (collectively May) filed their original petition against Full Faith Christian Center, Inc. on June 5, 2019, alleging claims for nuisance, trespass, negligence, and unlawful diversion of water. The original petition identified Calvin R. Calhoun as registered agent for Full Faith Christian Center. The return of service indicates that Calvin R. Calhoun was served in person with "a true copy of this Citation together with the accompanying copy of this pleading." Full Faith Christian Center, Inc. did not file an answer.

Subsequently, May filed a first amended petition naming as defendants: Full of Faith Christian Center, Inc.; Full of Faith Christian Center Ministries; Full of Faith Christian Center Ministries, Inc.; Calvin Ray Calhoun (Calvin); and Peggy Calhoun (Peggy). The amended petition alleged that Full of Faith Christian Center, Inc. was misnamed in the original petition and that Calvin is its registered agent. It alleged

that Full of Faith Christian Center Ministries, and Full of Faith Christian Center Ministries, Inc. are alter egos of Calvin and/or Peggy and that Calvin and Peggy could be served at their residence, listing a specific address in Desoto (the Desoto Address).

Citations were issued for each of the defendants named in the first amended petition. The citations are styled "the State of Texas," signed by the clerk under seal, and state the date the petition was filed, the name and location of the court in which the suit was filed, the cause number, the date of the citation, the names of the parties, and are directed to the named defendant. The citations show the name and address of the plaintiffs' attorney, contain the time within which the defendant should file a written answer, the address of the clerk, and notify the defendant that failure to answer may result in a default judgment for the relief demanded in the petition.

The citations state that an answer is required on the Monday next following the expiration of twenty days "after you were served with this citation and FIRST AMENDED petition." Following the defendants' names, the citations describe the suit as a "suit on PROPERTY etc. as shown on said petition REQUEST FOR DISCLOSURE, a copy of which accompanies this citation." The first amended petition contains a paragraph requesting disclosures under Rule 194. TEX. R. CIV. P. 194.

The returns of service for the first amended petition indicate that Calvin was served in person individually and on behalf of Full of Faith Christian Center, Inc.,

Full of Faith Christian Center Ministries, and Full of Faith Christian Center Ministries, Inc. (collectively the Full of Faith Entities). May obtained an order for substituted service on Peggy Calhoun and she was served by attaching the citation and first amended petition to the front door of her residence. None of the defendants filed an answer before the default judgment was rendered.

The returns of service were not sworn when first filed but were later amended to include a jurat. On May 15, 2020, the trial court denied May's motion for default judgment without prejudice for the failure of the returns to show Calvin's authority to accept service for the Full of Faith Entities.

On May 27, 2020, May filed amended returns which attached documents showing Calhoun's authority for the Full of Faith Entities. May filed a motion to reconsider the denial of the default judgment on June 9, 2020.

On July 31, 2020, the trial court signed a default judgment awarding actual and punitive damages against all defendants jointly and severally.

Appellants timely filed a motion to set aside the default judgment and a motion for new trial. Appellants asserted they failed to answer because they believed the case had been dismissed. After an evidentiary hearing, the trial court denied both motions.

**Standard of Review**

We review a trial court's denial of a motion for new trial for abuse of discretion. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268

–4–

(Tex. 1994). A default judgment should be set aside and a new trial granted if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the defendant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the plaintiff. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). However, when the first element is established by proof that the defaulting party did not receive notice of the trial setting, due process requires a new trial without a showing of the other two elements. *See Mabon Ltd. v. Afri-Carib Enter., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam).

A trial court abuses its discretion if it fails to grant a new trial when all three elements of the *Craddock* test are met. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). The defaulting defendant has the burden of proving all three elements of the *Craddock* test before a trial court is required to grant a motion for new trial. *Chloe's Concepts, LLC v. Clear Rainbow, Inc.*, No. 05-20-00484-CV, 2021 WL 5998006, at *2 (Tex. App.—Dallas Dec. 20, 2021, no pet.) (mem. op.). "Consciously indifferent conduct occurs when 'the defendant knew it was sued but did not care.'" *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). "Generally, 'some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care.'" *Id.* (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006)).

Where the factual allegations in a movant's affidavits are not controverted, it is sufficient that the affidavits set forth facts which, if true, would negate intentional or consciously indifferent conduct. *Evans*, 889 S.W.2d at 269. However, conclusory allegations are insufficient. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82–83 (Tex. 1992) (mere statement that failure to answer was due to accident and mistake was conclusory). In determining if the defendant's factual assertions are controverted, the court looks to all the evidence in the record. *Evans*, 889 S.W.2d at 269. When the defendant's factual assertions are controverted, the question of whether the defendant's failure to answer was intentional or the result of conscious indifference is a fact question. *Rhodes v. Kelly*, No. 05-16-00888-CV, 2017 WL 2774452, at *8 (Tex. App.—Dallas June 27, 2017, pet. denied) (mem. op.).

**Discussion**

We discuss appellants' first four issues together.

Appellants contend that service was defective because the citation and return do not show appellants were served with the first amended petition, which is the only petition in which they are named as defendants. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152–53 (Tex. 1994) (per curiam) (holding in restricted appeal that return indicating appellant was served with original petition in which it was not named as a party was ineffective even though citation referred to second amended petition which included appellant).

Service of citation must be in strict compliance with the rules of civil procedure for a default judgment to withstand a direct attack. *See Primate Constr.*, 884 S.W.2d at 152. However, strict compliance with the rules does not require "obeisance to the minutest detail." *Id.*; *see also Williams v. Williams*, 150 S.W.3d 436, 443–44 (Tex. App.—Austin 2004, pet. denied); *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 613 (Tex. App.—Corpus Christi 1996, writ denied). As long as the record as a whole, including the petition, citation, and return, shows that the citation was served on the defendant in the suit, service of process will not be invalidated. *Williams*, 150 S.W.3d at 444. Further, although the rule in a restricted appeal is that there are no presumptions in favor of the valid issuance, service, and return of citation, "our analysis is different when, as here, a default judgment is attacked by a motion for new trial." *Sutherland*, 376 S.W.3d at 754. In a motion for new trial, the record can be developed as to what happened. *See Fidelity and Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 573–74 (Tex. 2006). In this circumstance, we focus on "the critical question in any default judgment: 'Why did the defendant not appear?'" *Sutherland*, 376 S.W.3d at 754.

Isolating a single phrase in the citations, appellants argue that the citations identify the document served as a "REQUEST FOR DISCLOSURE." However, we must consider the record as a whole, including the petition, citations, and returns. *Rhodes*, 2017 WL 2774452, at *5; *Williams*, 150 S.W.3d at 444; *see also* TEX. R.

CIV. P. 107(b) (stating information the "return, together with any document to which it is attached" must include).

The first paragraph of the citations inform the defendant that it must file a written answer within a certain time "after you were served with this citation and FIRST AMENDED petition." Following the defendants' names, the citations describe the suit as a "suit on PROPERTY etc. as shown on *said petition* REQUEST FOR DISCLOSURE, a copy of which accompanies this citation." (emphasis added). The language "said petition" in this sentence refers to the "FIRST AMENDED petition" mentioned in the first paragraph of the citation. We reject appellants' argument that the citations show appellants were served only with a request for disclosure.

Appellants also argue the returns do not include a description of what was served because they merely state the process server delivered "a true copy of this Citation together with the accompanying copy of this pleading." But as just explained, the citations sufficiently describe the document accompanying the citation as the first amended petition. Thus, the returns' reference back to the citation and the accompanying copy of the pleading sufficiently describes what was served. *See Ortiz*, 926 S.W.2d at 612 (holding return referring to "the Petition attached" to the citation was sufficient where citation identified document served as "the PLAINTIFF'S ORIGINAL PETITION"). Further, in an affidavit attached to the response to the motion for new trial, the process server stated that service of process

included the citation and the plaintiffs' first amended petition. *See In re M.C.B.*, 400 S.W.3d 630, 634–35 (Tex. App.—Dallas 2013, no pet.) (op. on reh'g) (holding trial court could consider testimony of process server in addition to return of service to show that server taped service to defendant's door "in strict compliance with the trial court's order authorizing substitute service").

We conclude that the record as a whole, including the petition, citations, amended returns, and affidavits of the process server show appellants were served with the first amended petition. *See Rhodes*, 2017 WL 2774452, at *5.

Appellants argue that substituted service on Peggy was invalid because of defects in the motion for substituted service.

After several unsuccessful attempts to serve Peggy in person, May filed a motion for substitute service and the process server's affidavit. The motion states:

> 1. Service on Defendant, Full Faith Christian Center, Inc., was previously unsuccessfully attempted in the following manner: The process server, in the manner related by the process server's affidavit, attached hereto as Attachment 1, attempted to serve Peggy Calhoun at her home.
>
> 2. As provided in Rule 106, Texas Rules Of Civil Procedure, Movants ask the Court to authorize service of process on Defendant by attaching the citation and petition to the defendant's door at the defendant's home located at [the Desoto Address].

The process server's affidavit states that she has "attempted to serve Peggy Calhoun in this case personally," states "Respondent's home address" is the Desoto Address, and lists four attempts to serve Peggy at the Desoto Address and at a

different address in Desoto. Two attempts are listed as occurring at the same date and time but at different addresses. The process server indicated she spoke with Peggy's husband, Calvin, on two of these attempts. He confirmed Peggy is his wife but told the process server she would not be serving his wife.

The trial court signed an order granting the motion for substitute service and authorized plaintiffs "to serve Defendant with process by attaching the citation and petition to the defendant's door at the defendant's home located at" the Desoto Address. The return of service for Peggy states that the process server executed the citation at the Desoto Address by delivering to Peggy "pursuant to order on motion for substituted service" a copy of the citation and accompanying copy of the pleading. Attached to the return are photographs of the citation attached to the door of a house.

Isolating certain words and ignoring others in the motion and affidavit, appellants argue the motion for substitute service was defective. While not a model of clarity, the motion and affidavit provide the information required by Rule 106. TEX. R. CIV. P. 106.

Rule 106[1] provides that on a motion supported by an affidavit stating the location of the defendant's usual place of business or abode or other place where the defendant can probably be found, and specific facts showing attempts to serve

---

[1] Rule 106 was amended effective December 31, 2020. TEX. R. CIV. P. 106. All references to Rule 106 are to the version in effect at the time the trial court ordered substitute service on January 30, 2020.

defendant in person or by certified mail at the location were unsuccessful, the court may authorize substitute service in any manner the affidavit or other evidence shows will be reasonably effective to give the defendant notice of the suit. TEX. R. CIV. P. 106.

Appellants argue the motion states that plaintiffs attempted to serve "Full Faith Christian Center." While that language is in the motion, the motion and affidavit go on to state specifically that the process server attempted to serve Peggy at her home. The motion requested the court to authorize substitute service on defendant by attaching the citation and petition to the door at the defendant's home located at the Desoto Address. The first amended petition alleged that Peggy could be served at her residence, giving the Desoto Address. The affidavit identifies the Desoto Address as "Respondent's home address." And while appellants complain that there is no respondent in this case, it is not uncommon for respondent to be used interchangeably with defendant. In the context of discussing attempts to serve Peggy in person "at the address . . . shown below," the reference in the affidavit to respondent's home is not misleading.

Next, appellants contend that the affidavit does not state Peggy's usual place of abode. However, use of magic words, such as "usual place of abode," is not required. *See In re R.A.*, No. 02-18-00185-CV, 2018 WL 5832148, at *4 (Tex. App.—Fort Worth Nov. 8, 2018, no pet.) (mem. op.); *Goshorn v. Brown*, No. 14–02–00852–CV, 2003 WL 22176976, at *2 (Tex. App.—Houston [14th Dist.] Sep.

–11–

23, 2003, no pet.) (mem. op.) (holding that magic words are not required to show compliance with rule 106). The statement of Peggy's home address is sufficient to satisfy the requirement that the affidavit state the location of the defendant's usual place of abode.

Appellants also argue that the order on the motion for substitute service authorizes service on "Defendant" without naming Peggy. However, the motion and affidavit identified Peggy as the person on whom service was unsuccessful. The order authorizes substitute service on defendant and Peggy is a defendant named in the first amended petition. At the time of the order for substitute service, all other defendants had been served and returns were on file. Thus, substitute service was not required for any defendant other than Peggy.

Considering the record in this appeal from the denial of a motion for new trial, we conclude Peggy was served in strict compliance with the order authorizing substitute service. *See Pirate Oilfield Servs., Inc. v. Cunningham*, 631 S.W.3d 421, 431 (Tex. App.—Eastland 2021, no pet.) (holding order for substitute service was not fatally defective where it authorized service at "the front door of Apartment L202 at Faudree Rd., Odessa, TX 79765 which is the defendant's usual place of abode," but motion and affidavit stated defendant's place of abode was "4001 Faudree Rd., Apt. L202, Odessa, TX 79765"); *In re M.C.B.*, 400 S.W.3d at 634–35.

Appellants further contend that May failed to serve them with a supplemental petition, which they assert was actually an amended petition. However, service of an

–12–

amended petition on a defendant who has not appeared is necessary only when the plaintiff seeks a more onerous judgment than prayed for in the original pleading. *Drewery Constr.*, 186 S.W.3d at 574.

Plaintiffs' first amended petition alleged a statutory violation for unlawful diversion of water. It stated the terms of the statute but cited the property code instead of the water code. The supplemental petition did not change the allegations or the requested relief; it merely corrected the citation from the property code to the water code. *See* TEX. WATER CODE § 11.086.

Except for certain special matters not at issue here, a pleading need only provide "fair notice" of the claim and relief sought. TEX. R. CIV. P. 47; *Jackson v. Ali Zaher Enters., LLC*, No. 05-18-00288-CV, 2019 WL 698019, at *3 (Tex. App.—Dallas Feb. 20, 2019, no pet.) (mem. op.). If a party pleads facts which, if true, entitle him to the relief sought, he need not specifically plead the applicable statute in order to recover under it. *Mitchell v. LaFlamme*, 60 S.W.3d 123, 130 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

The supplemental petition did not add any additional causes of action or defendants and did not request relief beyond what was requested in the first amended petition. Because the supplemental petition did not seek a more onerous judgment than prayed for in the first amended petition, May was not required to serve it on appellants.

Appellants next argue that the trial court heard evidence before it acquired personal jurisdiction. The court heard evidence on May 15, 2020 on the motion for default judgment but denied the motion due to the defective returns. Appellants contend the court could not consider evidence from the May 15, 2020 hearing when it later decided the motion to reconsider the default judgment and rendered the default judgment. Appellants cite no authority directly supporting their contentions. Appellants argue further that there is no order authorizing amendment of the returns of service.

Rule 118 gives a trial court express authority "to allow amendment of the return to reflect the service that was actually had." *Higginbotham v. Gen. Life & Acc. Ins. Co.*, 796 S.W.2d 695, 696 (Tex. 1990); *see also* TEX. R. CIV. P. 118 (permitting court "at any time in its discretion" to allow amendment of any process or proof of service). Where the record affirmatively demonstrates a proper form of service and contains an order tantamount to formal amendment of the return of citation, the record is sufficient to show valid service. *Id.* at 695, 697 (citing trial court's finding following hearing on motion for new trial that service was proper under insurance code and holding order was effective to amend return).

Here, the order denying the motion for default judgment was without prejudice and noted the returns failed to show Calvin's authority to receive service. After May filed amended returns attaching documents to show Calvin's authority to receive service for the Full of Faith Entities, May filed a motion to reconsider the

–14–

motion for default judgment. No amendment was required for the returns for Calvin and Peggy individually. Calvin was sued and served in his individual capacity; he is undeniably authorized to accept service on his own behalf. Further, Calvin did not receive service for Peggy; she was served by substitute service in accordance with the trial court's order.

The default judgment specifically referenced the second amended returns as support for the judgment and the court found all defendants were served properly and that the returns of service were on file at least ten days before the hearing on the motion to reconsider on July 31, 2020. These orders were "tantamount to formal amendment of the return of citation," and the record is sufficient to show valid service. *Higginbotham*, 796 S.W.2d at 697.

An amended return relates back to the original return and is regarded as filed when the original return was filed. *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 868 (Tex. App.—Fort Worth 2013, no pet.). Thus, the second amended returns are considered to be filed before the time the court heard evidence on the motion for default judgment. We conclude that appellants have not shown the trial court erred by granting the motion to reconsider the motion for default judgment.

We overrule appellants' first four issues.[2]

---

[2] Appellants' brief lists a sixth issue asserting they met the *Craddock* test and were entitled to a new trial. However, appellants do not argue the *Craddock* elements in their brief, thus their sixth issue presents nothing for review. *See* Tex. R. App. P. 38.1(i). Even so, the record includes conflicting evidence on whether appellants' motion for new trial established the elements of the *Craddock* test. Accordingly, even

–15–

In their fifth issue, appellants argue the trial court erred by rendering judgment awarding punitive damages against them jointly and severally. We agree.

The judgment awards punitive damages against appellants jointly and severally. This was error. *See* TEX. CIV. PRAC. & REM. CODE § 41.006 ("In any action in which there are two or more defendants, an award of exemplary damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant."). We sustain appellants' fifth issue.

Rule 44.1(b) provides that when liability is contested, the court may not order a separate trial solely on unliquidated damages. TEX. R. APP. P. 44.1(b). However, when a defendant appeals a no-answer default judgment, liability is not contested for purposes of this rule. *See Fleming Mfg. Co. v. Capitol Brick, Inc.*, 734 S.W.2d 405, 408 (Tex. App.—Austin 1987, writ ref'd n.r.e.) (applying predecessor rule). Therefore, we reverse the award of punitive damages and remand for a new trial on punitive damages only.

**Conclusion**

We reverse the award of exemplary damages against defendants jointly and severally and remand for a new trial on exemplary damages only. In all other

---

if the issue had been properly presented on appeal, we cannot conclude the trial court abused its discretion by denying the motion for new trial. *See Roman v. Ramirez*, 573 S.W.3d 341, 350, 352 (Tex. App.—El Paso 2019, pet. denied) (holding trial court did not abuse its discretion by denying motion for new trial where there was conflicting evidence as to whether defendant received citation and petition).

respects, we affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200859f.p05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FULL OF FAITH CHRISTIAN
CENTER, INC., FULL OF FAITH
CHRISTIAN CENTER
MINISTRIES, FULL OF FAITH
CHRISTIAN CENTER
MINISTRIES, INC., CALVIN RAY
CALHOUN, AND PEGGY
CALHOUN, Appellants

No. 05-20-00859-CV          V.

KENNETH MAY & DESIRE
OPHELIA FUENTES-MAY,
Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08058.
Opinion delivered by Justice Nowell.
Justices Reichek and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED AND REMANDED IN PART AND AFFIRMED IN PART**.

The award of exemplary damages against appellants Full Of Faith Christian Center, Inc., Full Of Faith Christian Center Ministries, Full Of Faith Christian Center Ministries, Inc., Calvin Ray Calhoun, and Peggy Calhoun jointly and severally is **REVERSED** and **REMANDED** for a new trial on exemplary damages only. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellees Kenneth May & Desire Ophelia Fuentes-May recover their costs of this appeal from appellants Full Of Faith Christian

Center, Inc., Full Of Faith Christian Center Ministries, Full Of Faith Christian Center Ministries, Inc., Calvin Ray Calhoun, and Peggy Calhoun.


Judgment entered this 11th day of August, 2022.